Gmail

Chad Garland <chadlygarland@gmail.com>

---

## Re: Freedom of Information Act Request

**Chad Garland** <chadgarland@msn.com>
To: centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil

Thu, Aug 6, 2020 at 12:56 AM

UNITED STATES CENTRAL COMMAND J6-RDF (FOIA)
7115 SOUTH BOUNDARY BOULEVARD
MACDILL AFB, FL 33621-5101


Dear FOIA Chief:

Pursuant to the Freedom of Information Act, I request that a copy of the following records be provided to me in electronic format:

- Any and all releasable records regarding U.S. assistance to the Taliban since January 1, 2015, including any reports, correspondence, or documentation about the cooperation of Taliban forces with U.S. forces in Nangarhar province against the Islamic State-Khorasan province, or IS-K.

I request the full release of the above documents to the extent allowable under the law, but in the interest of maximum disclosure, I will accept them in reasonably segregable, partial, or redacted form for the protection of privacy rights or other cognizable interests under the act.

In order to help to determine my status for the purpose of assessing fees, you should know that I am requesting these records as an independent representative of the news media for newsgathering purposes, and not for commercial use. I have a graduate degree in journalism and a history of regular publication in many outlets since at least 2011 -- news reporting has been my primary occupation since 2013 -- including The Associated Press, Los Angeles Times, NBC News, China Morning Post, Arizona Republic, Christian Science Monitor, Houston Chronicle, The Denver Post, and more, which gives me a strong basis to believe I will be able to publish a distinct work in any of a variety of outlets. Additionally, I have an audience of more than 12,000 followers subscribed to my social media accounts, to whom I directly share news and current events information that I edit and distribute myself on a routine basis.

I request a waiver of all fees for this request. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of the ongoing operations or activities of the government and is not primarily in my commercial interest. I am a journalist primarily engaged in dissemination of information.

I am willing to pay fees for this request up to a maximum of $50. If the estimated fees will exceed this limit, please inform me first before fulfilling my request.

I request expedited processing of this request. I certify to the best of my knowledge and belief that I have a "compelling need" for the information as I am a journalist reporting on actual or alleged government activities in the ongoing conflict in Afghanistan. I have an urgent need to inform the public's understanding of the war efforts as the U.S. considers plans to draw down and make peace with the Taliban while potentially continuing the type of missions against IS-K on which it has allegedly or actually assisted the Taliban in fighting in the past.

Thank you for your consideration of this request.

Sincerely,


Chad Garland
Salzstr. 4
67657 Kaiserslautern
GERMANY

(c) 443-745-3240 || chadgarland@msn.com

Exhibit 2



**UNITED STATES CENTRAL COMMAND**
7115 SOUTH BOUNDARY BOULEVARD
MACDILL AIR FORCE BASE, FLORIDA 33621-5101

30 September 2020

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

This is in response to your Freedom of Information Act Request (FOIA) dated 5 August 2020 seeking any and all releasable records regarding U.S. assistance to the Taliban from 1 January 2015 to 5 August 2020 in Nangarhar Province against the Islamic State Khorasan Province.

Please be advised that your request does not constitute a proper FOIA request, as federal agencies may not submit FOIA requests to other federal agencies. Stars and Stripes is a component of the Defense Media Activity, and as such, its personnel, as representatives of a Federal agency, do not qualify as requesters under the FOIA.

The DoD Directorate for FOIA and Security Review issued a memo to all components, dated 13 April 2018, advising that Stars and Stripes personnel, as representatives of a federal agency, may not request information under the FOIA (Enclosure).

The FOIA provides a means by which any person may request government information under the FOIA. The FOIA defines "any person" as "an individual, partnership, corporation, association, or public or private organization other than an agency." Department of Justice has further interpreted the definition to include foreign individuals, and foreign or domestic governments (state and local). The statute specifically excludes federal agencies from the definition. Therefore, a federal agency, or a representative of a federal agency may not request information under the FOIA from another federal agency. If doing work for the federal government, we advise you to make a federal agency to federal agency request for the records in your official capacity as the representative of Stars and Stripes, apart from the FOIA. Your request is now closed in this office.

If you have any questions regarding your inquiry, please contact the FOIA Requester Service Center at (813) 529-6285, centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil, and refer to USCENTCOM case #20-0922.

Sincerely,

Raymond C. Schultz
Major, U.S. Army
Chief, Command Records Branch

Enclosure:
DoD Memorandum, 13 April 2018

## Re: Freedom of Information Act Request

chadlygarland@gmail.com <chadlygarland@gmail.com>

Tue 8/25/2020 5:36 PM

**To:** chadgarland@msn.com <chadgarland@msn.com>

United States Central Command
ATTN: J6-RDF (FOIA)
7115 South Boundary Boulevard
MacDill AFB FL 33621-5101


Howdy,

This is a request pursuant to the Freedom of Information Act for copies of the following records to be provided to me, a U.S. citizen, private party and representative of the news media:

-- The documents, database records, data, meta-data, and imagery pertaining to the HOSTILE incident in Afghanistan on or about April 27, 2017, that resulted in the deaths of Sgt. Joshua P. Rodgers, age 22, of Bloomington, Ill.; and Sgt. Cameron H. Thomas, age 23, of Kettering, Ohio — including, but not limited to reports of investigation, explosives exploitation cell reports, Significant Activity (SIGACT) reports, event story boards, after-action reports ("AARs"), weapons intelligence cell reports and lessons learned reports.

I request the records in electronic format.

I request full release of the above documents to the extent allowable under the law, but in the interest of maximum disclosure, I will accept them in reasonably segregable, partial, or redacted form for the protection of privacy rights or other cognizable interests under the Act.


**News-Media Requester Status**

I am requesting these records for news gathering purposes, and not for commercial use. I am a print and online journalist. I have a graduate degree in journalism from Arizona State University (2013), and news reporting has been my primary occupation or activity for more than seven years.

I have published my distinct work in many outlets since at least 2011, including *The Associated Press, Los Angeles Times, NBC News, China Morning Post, Arizona Republic, Christian Science Monitor, Houston Chronicle, The Denver Post*, and more, which provides a strong basis to expect that I will be able to publish future work with the same or similar entities. Additionally, I have an audience of more than 12,000 followers subscribed to my social media accounts, to whom I directly share news and current events information that I gather, edit and distribute myself on a routine basis. The news and information I share on social media is both work I do for news media entities on a paid basis, and distinct works I produce on my own time, on my own equipment and publish solely online to inform the segment of the public that follows me. I am the sole owner and operator of the Twitter account @chadgarland and the TikTok account @chadlygarland, which are the main places where I distribute personally created news content.

I submit that the above activities qualify me as a news media requester under the FOIA.

Per Title 5 USC 552(a)(4)(A)(ii) and Title 32 CFR 286.12(6), "a representative of the news media" is "any person" who "gathers information of potential interest to a segment of the public, uses editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." The definition is based on the person's overall activities, not employment status, intent to publish, or affiliation with a larger organization or entity. In other words, a person need not be the paid, full-time employee of a corporate media organization to meet the definition. In the absence of a firm contract or publishing plans, the law permits the government to consider a person's track record, stating that "journalists who demonstrate a solid basis for expecting publication through a news media entity shall be considered a representative of the news media." Size of audience, method of distribution, and availability by subscription/purchase are all irrelevant; the code sections acknowledge that news media entities may be those that "disseminate news solely on the internet" and that methods of delivery may evolve in time. Please see this Department of Justice training slide deck on fee waivers for reference: https://www.justice.gov/oip/training/practical_approaches_to_fee_determinations_july_2019/download.


**Fee Waiver and Processing Priority**

I request a waiver of all fees for this request. I am a journalist primarily engaged in dissemination of information. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly

to public understanding of ongoing operations or activities of the government and is not primarily in my commercial interest.

More specifically, the requested records pertain to activities of American service members involved in overseas contingency operations. Such activities often occur out of view of the larger American public, and thus the information from the requested records is likely to enlighten the American people on such matters as what their military forces are doing in faraway places.

I am willing to pay fees for this request up to a maximum of $50. If the fees are estimated to exceed this limit, please inform me first before fulfilling my request.


**<u>Certification</u>**

I certify to the best of my knowledge and belief that the above information is true and correct.

Should you need to discuss this matter with me, I can be reached at chadgarland@msn.com. I ask that correspondence be conducted via email to the extent possible. Thank you for considering this request.


Sincerely,


Chad Garland
Salzstr. 4
67657 Kaiserslautern
GERMANY
(c) 443-745-3240 || chadgarland@msn.com



---

## Re: Freedom of Information Act Request

**chadlygarland@gmail.com** <chadlygarland@gmail.com>                    Tue, Aug 25, 2020 at 11:53 PM
To: centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil

United States Central Command
ATTN: J6-RDF (FOIA)
7115 South Boundary Boulevard
MacDill AFB FL 33621-5101

Howdy,

This is a request pursuant to the Freedom of Information Act for copies of the following records to be provided to me, a U.S. citizen, private party and representative of the news media:

> -- The documents, database records, data, meta-data, and imagery pertaining to the HOSTILE incident in Afghanistan on or about Jan. 1, 2018, that resulted in the death of Sgt. 1st Class Mihail Golin, age 34, of Fort Lee, N.J. — including, but not limited to reports of investigation, explosives exploitation cell reports, Significant Activity (SIGACT) reports, event story boards, after-action reports ("AARs"), weapons intelligence cell reports and lessons learned reports.

I request the records in electronic format.

I request full release of the above documents to the extent allowable under the law, but in the interest of maximum disclosure, I will accept them in reasonably segregable, partial, or redacted form for the protection of privacy rights or other cognizable interests under the Act.

### News-Media Requester Status

I am requesting these records for news gathering purposes, and not for commercial use. I am a print and online journalist. I have a graduate degree in journalism from Arizona State University (2013), and news reporting has been my primary occupation or activity for more than seven years.

I have published my distinct work in many outlets since at least 2011, including *The Associated Press, Los Angeles Times, NBC News, China Morning Post, Arizona Republic, Christian Science Monitor, Houston Chronicle, The Denver Post*, and more, which provides a strong basis to expect that I will be able to publish future work with the same or similar entities. Additionally, I have an audience of more than 12,000 followers subscribed to my social media accounts, to whom I directly share news and current events information that I gather, edit and distribute myself on a routine basis. The news and information I share on social media is both work I do for news media entities on a paid basis, and distinct works I produce on my own time, on my own equipment and publish solely online to inform the segment of the public that follows me. I am the sole owner and operator of the Twitter account @chadgarland and the TikTok account @chadlygarland, which are the main places where I distribute personally created news content.

I submit that the above activities qualify me as a news media requester under the FOIA.

Per Title 5 USC 552(a)(4)(A)(ii) and Title 32 CFR 286.12(6), "a representative of the news media" is "any person" who "gathers information of potential interest to a segment of the public, uses editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." The definition is based on the person's overall activities, not employment status, intent to publish, or affiliation with a larger organization or entity. In other words, a person need not be the paid, full-time employee of a corporate media organization to meet the definition. In the absence of a firm contract or publishing plans, the law permits the government to consider a person's track record, stating that "journalists who demonstrate a solid basis for expecting publication through a news media entity shall be considered a representative of the news media." Size of audience, method of distribution, and availability by subscription/purchase are all irrelevant; the code sections acknowledge that news media entities may be those that "disseminate news solely on the internet" and that methods of delivery may evolve in time. Please see this Department of Justice training slide deck on fee waivers for reference: https://www.justice.gov/oip/training/practical_approaches_to_fee_determinations_july_2019/download.

### Fee Waiver and Processing Priority

I request a waiver of all fees for this request. I am a journalist primarily engaged in dissemination of information. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of ongoing operations or activities of the government and is not primarily in my commercial interest.

Specifically, the requested records pertain to activities of American service members involved in overseas contingency operations. Such activities often occur out of view of the larger American public, and thus the information from the requested records is likely to enlighten the American people on such matters as what their military forces are doing in faraway places.

I am willing to pay fees for this request up to a maximum of $50. If the fees are estimated to exceed this limit, please inform me first before fulfilling my request.

## Certification

I certify to the best of my knowledge and belief that the above information is true and correct.

Should you need to discuss this matter with me, I can be reached at chadgarland@msn.com. I ask that correspondence be conducted via email to the extent possible. Thank you for considering this request.

Sincerely,

Chad Garland
Salzstr. 4
67657 Kaiserslautern
GERMANY
(c) 443-745-3240 || chadgarland@msn.com


Chad Garland <chadlygarland@gmail.com>

---

## Re: Freedom of Information Act Request

**chadlygarland@gmail.com** <chadlygarland@gmail.com>                                   Tue, Aug 25, 2020 at 11:53 PM
To: centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil

United States Central Command
ATTN: J6-RDF (FOIA)
7115 South Boundary Boulevard
MacDill AFB FL 33621-5101


Good afternoon,

This is a request pursuant to the Freedom of Information Act for copies of the following records to be provided to me,
a U.S. citizen, private party and representative of the news media:

> -- The documents, database records, data, meta-data, and imagery pertaining to the HOSTILE incident in
> Afghanistan on or about Jan. 11, 2020, that resulted in the deaths of Pfc. Miguel A. Villalon, age 21, of Joliet,
> Ill.; and Staff Sgt. Ian P. McLaughlin, age 29, of Newport News, Va. — including, but not limited to reports of
> investigation, explosives exploitation cell reports, Significant Activity (SIGACT) reports, event story boards,
> after-action reports ("AARs"), weapons intelligence cell reports and lessons learned reports.

I request the records in electronic format.

I request full release of the above documents to the extent allowable under the law, but in the interest of maximum
disclosure, I will accept them in reasonably segregable, partial, or redacted form for the protection of privacy rights or
other cognizable interests under the Act.


**News-Media Requester Status**

I am requesting these records for news gathering purposes, and not for commercial use. I am a print and online
journalist. I have a graduate degree in journalism from Arizona State University (2013), and news reporting has been
my primary occupation or activity for more than seven years.

I have published my distinct work in many outlets since at least 2011, including *The Associated Press, Los Angeles
Times, NBC News, China Morning Post, Arizona Republic, Christian Science Monitor, Houston Chronicle, The Denver
Post*, and more, which provides a strong basis to expect that I will be able to publish future work with the same or
similar entities. Additionally, I have an audience of more than 12,000 followers subscribed to my social media
accounts, to whom I directly share news and current events information that I gather, edit and distribute myself on a
routine basis. The news and information I share on social media is both work I do for news media entities on a paid
basis, and distinct works I produce on my own time, on my own equipment and publish solely online to inform the
segment of the public that follows me. I am the sole owner and operator of the Twitter account @chadgarland and
the TikTok account @chadlygarland, which are the main places where I distribute personally created news content.

I submit that the above activities qualify me as a news media requester under the FOIA.

Per Title 5 USC 552(a)(4)(A)(ii) and Title 32 CFR 286.12(6), "a representative of the news media" is "any person" who
"gathers information of potential interest to a segment of the public, uses editorial skills to turn raw materials into a
distinct work, and distributes that work to an audience." The definition is based on the person's overall activities, not
employment status, intent to publish, or affiliation with a larger organization or entity. In other words, a person need
not be the paid, full-time employee of a corporate media organization to meet the definition. In the absence of a firm
contract or publishing plans, the law permits the government to consider a person's track record, stating that
"journalists who demonstrate a solid basis for expecting publication through a news media entity shall be considered
a representative of the news media." Size of audience, method of distribution, and availability by
subscription/purchase are all irrelevant; the code sections acknowledge that news media entities may be those that
"disseminate news solely on the internet" and that methods of delivery may evolve in time. Please see this
Department of Justice training slide deck on fee waivers for reference: https://www.justice.gov/oip/
training/practical_approaches_to_fee_determinations_july_2019/download.


**Fee Waiver and Processing Priority**

I request a waiver of all fees for this request. I am a journalist primarily engaged in dissemination of information. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of ongoing operations or activities of the government and is not primarily in my commercial interest.

In particular, the requested records pertain to activities of American service members involved in overseas contingency operations. Such activities often occur out of view of the larger American public, and thus the information from the requested records is likely to enlighten the American people on such matters as what their military forces are doing in faraway places.

I am willing to pay fees for this request up to a maximum of $50. If the fees are estimated to exceed this limit, please inform me first before fulfilling my request.

**Certification**

I certify to the best of my knowledge and belief that the above information is true and correct.

Should you need to discuss this matter with me, I can be reached at chadgarland@msn.com. I ask that correspondence be conducted via email to the extent possible. Thank you for considering this request.


Sincerely,


Chad Garland
Salzstr. 4
67657 Kaiserslautern
GERMANY
(c) 443-745-3240 || chadgarland@msn.com

 **Gmail**                                     Chad Garland <chadlygarland@gmail.com>

---

## Re: Freedom of Information Act Request

**chadlygarland@gmail.com** <chadlygarland@gmail.com>                Tue, Aug 25, 2020 at 11:53 PM
To: centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil

United States Central Command
ATTN: J6-RDF (FOIA)
7115 South Boundary Boulevard
MacDill AFB FL 33621-5101

Hi there,

This is a request pursuant to the Freedom of Information Act for copies of the following records to be provided to me, a U.S. citizen, private party and representative of the news media:

> -- The documents, database records, data, meta-data, and imagery pertaining to the HOSTILE incident in Afghanistan on or about Aug. 26, 2015, that resulted in the deaths of Staff Sgt. Forrest B. Sibley, age 31, of Pensacola, Fla.; and Capt. Matthew D. Roland, age 27, of Lexington, Ky. — including, but not limited to reports of investigation, explosives exploitation cell reports, Significant Activity (SIGACT) reports, event story boards, after-action reports ("AARs"), weapons intelligence cell reports and lessons learned reports.

I request the records in electronic format.

I request full release of the above documents to the extent allowable under the law, but in the interest of maximum disclosure, I will accept them in reasonably segregable, partial, or redacted form for the protection of privacy rights or other cognizable interests under the Act.


**News-Media Requester Status**

I am requesting these records for news gathering purposes, and not for commercial use. I am a print and online journalist. I have a graduate degree in journalism from Arizona State University (2013), and news reporting has been my primary occupation or activity for more than seven years.

I have published my distinct work in many outlets since at least 2011, including *The Associated Press, Los Angeles Times, NBC News, China Morning Post, Arizona Republic, Christian Science Monitor, Houston Chronicle, The Denver Post*, and more, which provides a strong basis to expect that I will be able to publish future work with the same or similar entities. Additionally, I have an audience of more than 12,000 followers subscribed to my social media accounts, to whom I directly share news and current events information that I gather, edit and distribute myself on a routine basis. The news and information I share on social media is both work I do for news media entities on a paid basis, and distinct works I produce on my own time, on my own equipment and publish solely online to inform the segment of the public that follows me. I am the sole owner and operator of the Twitter account @chadgarland and the TikTok account @chadlygarland, which are the main places where I distribute personally created news content.

I submit that the above activities qualify me as a news media requester under the FOIA.

Per Title 5 USC 552(a)(4)(A)(ii) and Title 32 CFR 286.12(6), "a representative of the news media" is "any person" who "gathers information of potential interest to a segment of the public, uses editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." The definition is based on the person's overall activities, not employment status, intent to publish, or affiliation with a larger organization or entity. In other words, a person need not be the paid, full-time employee of a corporate media organization to meet the definition. In the absence of a firm contract or publishing plans, the law permits the government to consider a person's track record, stating that "journalists who demonstrate a solid basis for expecting publication through a news media entity shall be considered a representative of the news media." Size of audience, method of distribution, and availability by subscription/purchase are all irrelevant; the code sections acknowledge that news media entities may be those that "disseminate news solely on the internet" and that methods of delivery may evolve in time. Please see this Department of Justice training slide deck on fee waivers for reference: https://www.justice.gov/oip/training/practical_approaches_to_fee_determinations_july_2019/download.


**Fee Waiver and Processing Priority**

I request a waiver of all fees for this request. I am a journalist primarily engaged in dissemination of information. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of ongoing operations or activities of the government and is not primarily in my commercial interest.

To be specific, the requested records pertain to activities of American service members involved in overseas contingency operations. Such activities often occur out of view of the larger American public, and thus the information from the requested records is likely to enlighten the American people on such matters as what their military forces are doing in faraway places.

I am willing to pay fees for this request up to a maximum of $50. If the fees are estimated to exceed this limit, please inform me first before fulfilling my request.

**<u>Certification</u>**

I certify to the best of my knowledge and belief that the above information is true and correct.

Should you need to discuss this matter with me, I can be reached at chadgarland@msn.com. I ask that correspondence be conducted via email to the extent possible. Thank you for considering this request.

Sincerely,

Chad Garland
Salzstr. 4
67657 Kaiserslautern
GERMANY
(c) 443-745-3240 || chadgarland@msn.com

 Gmail

Chad Garland <chadlygarland@gmail.com>

---

## Re: Freedom of Information Act Request

**chadlygarland@gmail.com** <chadlygarland@gmail.com>
To: centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil

Tue, Aug 25, 2020 at 11:53 PM

United States Central Command
ATTN: J6-RDF (FOIA)
7115 South Boundary Boulevard
MacDill AFB FL 33621-5101


Hey there,

This is a request pursuant to the Freedom of Information Act for copies of the following records to be provided to me, a U.S. citizen, private party and representative of the news media:

> -- The documents, database records, data, meta-data, and imagery pertaining to the HOSTILE incident in Afghanistan on or about Jan. 5, 2016, that resulted in the death of Staff Sgt. Matthew Q. McClintock, age 30, of Albuquerque, N.M. — including, but not limited to reports of investigation, explosives exploitation cell reports, Significant Activity (SIGACT) reports, event story boards, after-action reports ("AARs"), weapons intelligence cell reports and lessons learned reports.

I request the records in electronic format.

I request full release of the above documents to the extent allowable under the law, but in the interest of maximum disclosure, I will accept them in reasonably segregable, partial, or redacted form for the protection of privacy rights or other cognizable interests under the Act.


**News-Media Requester Status**

I am requesting these records for news gathering purposes, and not for commercial use. I am a print and online journalist. I have a graduate degree in journalism from Arizona State University (2013), and news reporting has been my primary occupation or activity for more than seven years.

I have published my distinct work in many outlets since at least 2011, including *The Associated Press, Los Angeles Times, NBC News, China Morning Post, Arizona Republic, Christian Science Monitor, Houston Chronicle, The Denver Post*, and more, which provides a strong basis to expect that I will be able to publish future work with the same or similar entities. Additionally, I have an audience of more than 12,000 followers subscribed to my social media accounts, to whom I directly share news and current events information that I gather, edit and distribute myself on a routine basis. The news and information I share on social media is both work I do for news media entities on a paid basis, and distinct works I produce on my own time, on my own equipment and publish solely online to inform the segment of the public that follows me. I am the sole owner and operator of the Twitter account @chadgarland and the TikTok account @chadlygarland, which are the main places where I distribute personally created news content.

I submit that the above activities qualify me as a news media requester under the FOIA.

Per Title 5 USC 552(a)(4)(A)(ii) and Title 32 CFR 286.12(6), "a representative of the news media" is "any person" who "gathers information of potential interest to a segment of the public, uses editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." The definition is based on the person's overall activities, not employment status, intent to publish, or affiliation with a larger organization or entity. In other words, a person need not be the paid, full-time employee of a corporate media organization to meet the definition. In the absence of a firm contract or publishing plans, the law permits the government to consider a person's track record, stating that "journalists who demonstrate a solid basis for expecting publication through a news media entity shall be considered a representative of the news media." Size of audience, method of distribution, and availability by subscription/purchase are all irrelevant; the code sections acknowledge that news media entities may be those that "disseminate news solely on the internet" and that methods of delivery may evolve in time. Please see this Department of Justice training slide deck on fee waivers for reference: https://www.justice.gov/oip/training/practical_approaches_to_fee_determinations_july_2019/download.


**Fee Waiver and Processing Priority**

I request a waiver of all fees for this request. I am a journalist primarily engaged in dissemination of information. Disclosure of the requested information to me is in the public interest because it is likely to contribute significantly to public understanding of ongoing operations or activities of the government and is not primarily in my commercial interest.

Namely, the requested records pertain to activities of American service members involved in overseas contingency operations. Such activities often occur out of view of the larger American public, and thus the information from the requested records is likely to enlighten the American people on such matters as what their military forces are doing in faraway places.

I am willing to pay fees for this request up to a maximum of $50. If the fees are estimated to exceed this limit, please inform me first before fulfilling my request.

**Certification**

I certify to the best of my knowledge and belief that the above information is true and correct.

Should you need to discuss this matter with me, I can be reached at chadgarland@msn.com. I ask that correspondence be conducted via email to the extent possible. Thank you for considering this request.


Sincerely,


Chad Garland
Salzstr. 4
67657 Kaiserslautern
GERMANY
(c) 443-745-3240 || chadgarland@msn.com

Exhibit 4



**UNITED STATES CENTRAL COMMAND**
7115 SOUTH BOUNDARY BOULEVARD
MACDILL AIR FORCE BASE, FLORIDA 33621-5101

30 September 2020

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

This is in response to your Freedom of Information Act Request (FOIA) dated 25 August 2020 seeking documents pertaining to the hostile incident in Afghanistan on or about 27 April 2017 that resulted in the deaths of SGT Joshua P. Rodgers and SGT Cameron H. Thomas.

Please be advised that your request does not constitute a proper FOIA request, as federal agencies may not submit FOIA requests to other federal agencies.  Stars and Stripes is a component of the Defense Media Activity, and as such, its personnel, as representatives of a Federal agency, do not qualify as requesters under the FOIA.

The DoD Directorate for FOIA and Security Review issued a memo to all components, dated 13 April 2018, advising that Stars and Stripes personnel, as representatives of a federal agency, may not request information under the FOIA (Enclosure).

The FOIA provides a means by which any person may request government information under the FOIA.  The FOIA defines "any person" as "an individual, partnership, corporation, association, or public or private organization other than an agency."  Department of Justice has further interpreted the definition to include foreign individuals, and foreign or domestic governments (state and local). The statute specifically excludes federal agencies from the definition.  Therefore, a federal agency, or a representative of a federal agency may not request information under the FOIA from another federal agency.  If doing work for the federal government, we advise you to make a federal agency to federal agency request for the records in your official capacity as the representative of Stars and Stripes, apart from the FOIA. Your request is now closed in this office.

If you have any questions regarding your inquiry, please contact the FOIA Requester Service Center at (813) 529-6285, centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil, and refer to USCENTCOM case #20-0931.

Sincerely,

Raymond C. Schultz
Major, U.S. Army
Chief, Command Records Branch

Enclosure:
DoD Memorandum, 13 April 2018



**UNITED STATES CENTRAL COMMAND**
7115 SOUTH BOUNDARY BOULEVARD
MACDILL AIR FORCE BASE, FLORIDA 33621-5101

30 September 2020

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

This is in response to your Freedom of Information Act Request (FOIA) dated 25 August 2020 seeking documents pertaining to the hostile incident in Afghanistan on or about 1 January 2018 that resulted in the death of SFC Mihail Golin.

Please be advised that your request does not constitute a proper FOIA request, as federal agencies may not submit FOIA requests to other federal agencies.  Stars and Stripes is a component of the Defense Media Activity, and as such, its personnel, as representatives of a Federal agency, do not qualify as requesters under the FOIA.

The DoD Directorate for FOIA and Security Review issued a memo to all components, dated 13 April 2018, advising that Stars and Stripes personnel, as representatives of a federal agency, may not request information under the FOIA (Enclosure).

The FOIA provides a means by which any person may request government information under the FOIA.  The FOIA defines "any person" as "an individual, partnership, corporation, association, or public or private organization other than an agency."  Department of Justice has further interpreted the definition to include foreign individuals, and foreign or domestic governments (state and local). The statute specifically excludes federal agencies from the definition.  Therefore, a federal agency, or a representative of a federal agency may not request information under the FOIA from another federal agency.  If doing work for the federal government, we advise you to make a federal agency to federal agency request for the records in your official capacity as the representative of Stars and Stripes, apart from the FOIA. Your request is now closed in this office.

If you have any questions regarding your inquiry, please contact the FOIA Requester Service Center at (813) 529-6285, centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil, and refer to USCENTCOM case #20-0932.

Sincerely,

Raymond C. Schultz
Major, U.S. Army
Chief, Command Records Branch

Enclosure:
DoD Memorandum, 13 April 2018



**UNITED STATES CENTRAL COMMAND**
7115 SOUTH BOUNDARY BOULEVARD
MACDILL AIR FORCE BASE, FLORIDA 33621-5101

30 September 2020

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

This is in response to your Freedom of Information Act Request (FOIA) dated 25 August 2020 seeking documents pertaining to the hostile incident in Afghanistan on or about 11 January 2020 that resulted in the deaths of PFC Miguel A. Villalon and SSG Ian P. McLaughlin.

Please be advised that your request does not constitute a proper FOIA request, as federal agencies may not submit FOIA requests to other federal agencies.  Stars and Stripes is a component of the Defense Media Activity, and as such, its personnel, as representatives of a Federal agency, do not qualify as requesters under the FOIA.

The DoD Directorate for FOIA and Security Review issued a memo to all components, dated 13 April 2018, advising that Stars and Stripes personnel, as representatives of a federal agency, may not request information under the FOIA (Enclosure).

The FOIA provides a means by which any person may request government information under the FOIA.  The FOIA defines "any person" as "an individual, partnership, corporation, association, or public or private organization other than an agency."  Department of Justice has further interpreted the definition to include foreign individuals, and foreign or domestic governments (state and local). The statute specifically excludes federal agencies from the definition.  Therefore, a federal agency, or a representative of a federal agency may not request information under the FOIA from another federal agency.  If doing work for the federal government, we advise you to make a federal agency to federal agency request for the records in your official capacity as the representative of Stars and Stripes, apart from the FOIA. Your request is now closed in this office.

If you have any questions regarding your inquiry, please contact the FOIA Requester Service Center at (813) 529-6285, centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil, and refer to USCENTCOM case #20-0933.

Sincerely,

Raymond C. Schultz
Major, U.S. Army
Chief, Command Records Branch

Enclosure:
DoD Memorandum, 13 April 2018



**UNITED STATES CENTRAL COMMAND**
7115 SOUTH BOUNDARY BOULEVARD
MACDILL AIR FORCE BASE, FLORIDA 33621-5101

30 September 2020

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

This is in response to your Freedom of Information Act Request (FOIA) dated 25 August 2020 seeking documents pertaining to the hostile incident in Afghanistan on or about 26 August 2015 that resulted in the deaths of SSG Forrest B. Sibley and CPT Matthew D. Roland.

Please be advised that your request does not constitute a proper FOIA request, as federal agencies may not submit FOIA requests to other federal agencies. Stars and Stripes is a component of the Defense Media Activity, and as such, its personnel, as representatives of a Federal agency, do not qualify as requesters under the FOIA.

The DoD Directorate for FOIA and Security Review issued a memo to all components, dated 13 April 2018, advising that Stars and Stripes personnel, as representatives of a federal agency, may not request information under the FOIA (Enclosure).

The FOIA provides a means by which any person may request government information under the FOIA. The FOIA defines "any person" as "an individual, partnership, corporation, association, or public or private organization other than an agency." Department of Justice has further interpreted the definition to include foreign individuals, and foreign or domestic governments (state and local). The statute specifically excludes federal agencies from the definition. Therefore, a federal agency, or a representative of a federal agency may not request information under the FOIA from another federal agency. If doing work for the federal government, we advise you to make a federal agency to federal agency request for the records in your official capacity as the representative of Stars and Stripes, apart from the FOIA. Your request is now closed in this office.

If you have any questions regarding your inquiry, please contact the FOIA Requester Service Center at (813) 529-6285, centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil, and refer to USCENTCOM case #20-0934.

Sincerely,

Raymond C. Schultz
Major, U.S. Army
Chief, Command Records Branch

Enclosure:
DoD Memorandum, 13 April 2018



**UNITED STATES CENTRAL COMMAND**
7115 SOUTH BOUNDARY BOULEVARD
MACDILL AIR FORCE BASE, FLORIDA 33621-5101

30 September 2020

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

   This is in response to your Freedom of Information Act Request (FOIA) dated 25 August 2020 seeking documents pertaining to the hostile incident in Afghanistan on or about 5 January 2016 that resulted in the death of SSG Matthew Q. McClintock.

   Please be advised that your request does not constitute a proper FOIA request, as federal agencies may not submit FOIA requests to other federal agencies.  Stars and Stripes is a component of the Defense Media Activity, and as such, its personnel, as representatives of a Federal agency, do not qualify as requesters under the FOIA.

   The DoD Directorate for FOIA and Security Review issued a memo to all components, dated 13 April 2018, advising that Stars and Stripes personnel, as representatives of a federal agency, may not request information under the FOIA (Enclosure).

   The FOIA provides a means by which any person may request government information under the FOIA.  The FOIA defines "any person" as "an individual, partnership, corporation, association, or public or private organization other than an agency."  Department of Justice has further interpreted the definition to include foreign individuals, and foreign or domestic governments (state and local). The statute specifically excludes federal agencies from the definition.  Therefore, a federal agency, or a representative of a federal agency may not request information under the FOIA from another federal agency.  If doing work for the federal government, we advise you to make a federal agency to federal agency request for the records in your official capacity as the representative of Stars and Stripes, apart from the FOIA. Your request is now closed in this office.

   If you have any questions regarding your inquiry, please contact the FOIA Requester Service Center at (813) 529-6285, centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil, and refer to USCENTCOM case #20-0935.

Sincerely,

Raymond C. Schultz
Major, U.S. Army
Chief, Command Records Branch

Enclosure:
DoD Memorandum, 13 April 2018

Exhibit 5

 Gmail

Chad Garland <chadlygarland@gmail.com>

---

## Re: Freedom of Information Act Request

**Chad Garland** <chadlygarland@gmail.com>                                Wed, Aug 26, 2020 at 11:08 PM
To: CENTCOM Macdill AFB CENTCOM HQ Mailbox Freedom of Information Act <centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil>

Hi,

Thanks for your response. I can try to help limit the search. I'm looking for notes, correspondence, presentation slides, etc., containing analysis or guidance about Stars and Stripes embed and engagement requests or about the newspaper's coverage in Afghanistan. I believe there were lists of embed/engagement requests maintained at some point in 2018 and some type of analysis or storyboards based on those requests, but I do not know what they were titled, what form they were stored in, or other helpful details.

If possible to limit the search by sender, I will accept limiting it to exclude records sent to anyone "@stripes.com".

I will further accept limiting the search to only the records sent by COL David M. Butler, COL Sonny Leggett, Eric Pahon, CAPT Thomas R. Gresback, LTC Martin L. O'Donnell, SFC Debra Richardson, CDR Robert S. Thoms, MAJ Tony Mayne, LT Robert Page and LT Aubrey Page, to include email attachments.

Lastly, I will accept limiting the search to records containing the terms "Stars and Stripes" "Stars & Stripes" "S&S" "Stripes" "stripes.com" "JP Lawrence" "J.P." "JP" "Lawrence" "Phillip Wellman" "Philip Wellman" "Phil Wellman" "Wellman" "Phillip" "Philip" "Chad Garland" "Chad" "Garland" "Liza Boyd" "EB Boyd" "Liza" "EB" "Boyd" "Erik Slavin" or "Slavin".

Does that help reasonably describe the records?

Thanks,

Chad Garland

Salzstr. 4

67657 Kaiserslautern

GERMANY

(c)443-745-3240 || chadgarland@msn.com

On Wed, Aug 26, 2020 at 8:32 PM CENTCOM Macdill AFB CENTCOM HQ Mailbox Freedom of Information Act <centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil> wrote:

> Mr. Garland,
>
> Could you please narrow the scope of your request to include what specific terms you would like us to search or what information you are looking for? If we could get succinct search terms, we will be more likely to locate the records you seek.

Regards,

USCENTCOM FOIA Requester Service Center

(813) 529-6285

**From:** chadlygarland@gmail.com <chadlygarland@gmail.com>
**Sent:** Tuesday, August 25, 2020 5:53 PM
**To:** CENTCOM Macdill AFB CENTCOM HQ Mailbox Freedom of Information Act <centcom.macdill.centcom-hq.
mbx.freedom-of-information-act@mail.mil>
**Subject:** [Non-DoD Source] Re: Freedom of Information Act Request

All active links contained in this email were disabled. Please verify the identity of the sender, and confirm the
authenticity of all links contained within the message prior to copying and pasting the address to a Web browser.

---

United States Central Command

ATTN: J6-RDF (FOIA)
7115 South Boundary Boulevard
MacDill AFB FL 33621-5101

Howdy,

This is a request pursuant to the Freedom of Information Act for copies of the following records to be provided to
me, a U.S. citizen, private party and representative of the news media:

    -- Records and communications created, sent or received by officials with U.S. Forces-Afghanistan public
    affairs office/press office and headquarters/command staff pertaining to the Stars and Stripes newspaper or
    the internet domain stripes.com < Caution-http://stripes.com > from the period Jan. 1, 2017 to the date a
    search is conducted pursuant to this request. This request includes correspondence (electronic and
    otherwise), documents, presentation slides, recordings, multimedia files, notes, memoranda and directives.

I request the records in electronic format.

I request full release of the above documents to the extentallowable under the law, but in the interest of maximum
disclosure, I willaccept them in reasonably segregable, partial, or redacted form for theprotection of privacy rights
or other cognizable interests under the Act.

**News-Media Requester Status**

I am requesting these records for news gathering purposes,and not for commercial use. I am a print and online
journalist. I have agraduate degree in journalism from Arizona State University (2013), and newsreporting has been
my primary occupation or activity for more than seven years.

I have published my distinct work in many outlets since atleast 2011, including *The Associated Press, Los Angeles
Times, NBC News, ChinaMorning Post, Arizona Republic, Christian Science Monitor, Houston Chronicle,The Denver
Post*, and more, which provides a strong basis to expect that I willbe able to publish future work with the same or
similar entities. Additionally,I have an audience of more than 12,000 followers subscribed to my social

mediaaccounts, to whom I directly share news and current events information that Igather, edit and distribute myself on a routine basis. The news and informationI share on social media is both work I do for news media entities on a paidbasis, and distinct works I produce on my own time, on my own equipment andpublish solely online to inform the segment of the public that follows me. I amthe sole owner and operator of the Twitter account @chadgarland and the TikTokaccount @chadlygarland, which are the main places where I distribute personallycreated news content.

I submit that the above activities qualify me as a newsmedia requester under the FOIA.

Per Title 5 USC 552(a)(4)(A)(ii) and Title 32 CFR 286.12(6),"a representative of the news media" is "any person" who"gathers information of potential interest to a segment of the public,uses editorial skills to turn raw materials into a distinct work, anddistributes that work to an audience." The definition is based on the person'soverall activities, not employment status, intent to publish, or affiliationwith a larger organization or entity. In other words, a person need not be thepaid, full-time employee of a corporate media organization to meet thedefinition. In the absence of a firm contract or publishing plans, the lawpermits the government to consider a person's track record, stating that"journalists who demonstrate a solid basis for expecting publicationthrough a news media entity shall be considered a representative of the newsmedia." Size of audience, method of distribution, and availability bysubscription/purchase are all irrelevant; the code sections acknowledge thatnews media entities may be those that "disseminate news solely on theinternet" and that methods of delivery may evolve in time. Please see thisDepartment of Justice training slide deck on fee waivers for reference: Caution-https://www.justice. gov/oip/training/practical_approaches_to_fee_determinations_july_2019/download < Caution-https:// www.justice.gov/oip/training/practical_approaches_to_fee_determinations_july_2019/download > .

**Fee Waiver and Processing Priority**

I request a waiver of all fees for this request. I am ajournalist primarily engaged in dissemination of information. Disclosure of therequested information to me is in the public interest because it is likely tocontribute significantly to public understanding of ongoing operations oractivities of the government and is not primarily in my commercialinterest.

Specifically, the requested records pertain to the activities of public affairs officials in an overseas contingency environment relating to or about the military's independent news source. The requested records are likely to shed light on the operations of the press office and its obligation under DOD regulations to provide a free flow of accurate and timely inormation to Stars and Stripes.

I am willing to pay fees for this request up to a maximum of$50. If the fees are estimated to exceed this limit, please informme first before fulfilling my request.

**Certification**

I certify to the best of my knowledge and belief that theabove information is true and correct.

Should you need to discuss this matter with me, I can bereached at chadgarland@msn.com < Caution-mailto:chadgarland@msn.com > .I ask that correspondence be conducted via email to the extent possible. Thankyou for considering this request.


Sincerely,




ChadGarland

Salzstr.4

67657Kaiserslautern

GERMANY

(c)443-745-3240 || chadgarland@msn.com < Caution-mailto:chadgarland@msn.com >

# Exhibit 6



## UNITED STATES CENTRAL COMMAND
### 7115 SOUTH BOUNDARY BOULEVARD
### MACDILL AIR FORCE BASE, FLORIDA 33621-5101

30 September 2020

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

This is in response to your Freedom of Information Act Request (FOIA) dated 25 August 2020 seeking records and communications created, sent or received by officials with U.S. Forces-Afghanistan Public Affairs Office, press office and headquarters, and command staff pertaining to the Stars and Stripes newspaper or the internet domain www.stripes.com from 1 January 2017 to 25 August 2020.

Please be advised that your request does not constitute a proper FOIA request, as federal agencies may not submit FOIA requests to other agencies.  Stars and Stripes is a component of the Defense Media Activity, and as such, its personnel, as representatives of a Federal agency, do not qualify as requesters under the FOIA.

The DoD Directorate for FOIA and Security Review issued a memo to all components, dated 13 April 2018, advising that Stars and Stripes personnel, as representatives of a federal agency, may not request information under the FOIA (Enclosure).

The FOIA provides a means by which any person may request government information under the FOIA.  The FOIA defines "any person" as "an individual, partnership, corporation, association, or public or private organization other than an agency."  Department of Justice has further interpreted the definition to include foreign individuals, and foreign or domestic governments (state and local). The statute specifically excludes federal agencies from the definition.  Therefore, a federal agency, or a representative of a federal agency may not request information under the FOIA from another federal agency.  If doing work for the federal government, we advise you to make a federal agency to federal agency request for the records in your official capacity as the representative of Stars and Stripes, apart from the FOIA. Your request is now closed in this office.

If you have any questions regarding your inquiry, please contact the FOIA Requester Service Center at (813) 529-6285, centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil, and refer to USCENTCOM case #20-0936.

Sincerely,

Raymond C. Schultz
Major, U.S. Army
Chief, Command Records Branch

Enclosure:
DoD Memorandum, 13 April 2018

 Gmail

Chad Garland <chadlygarland@gmail.com>

---

## FOIA 20-0922 and 20-0931 - 20-0936

---

**Chad Garland** <chadgarland@msn.com>                    Mon, Oct 12, 2020 at 8:48 PM
To: CENTCOM Macdill AFB CENTCOM HQ Mailbox Freedom of Information Act <centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil>

United States Central Command
ATTN: J6-RDF (FOIA)
7115 South Boundary Boulevard
MacDill AFB FL 33621-5101

Hello there,

This is in reference to U.S. CENTCOM's denials on 30 Sep 2020 of seven requests under the Freedom of Information Act, identified as CENTCOM cases #20-0922 (5 August 2020) and #20-0931 to #20-0936 (all six dated 25 August 2020).

I respectfully request clarification about what information, evidence or reasoning CENTCOM used in determining that my requests were made by "a representative of a federal agency," or on behalf of any federal government entity or its components.

I believe I made every reasonable effort to establish that my requests on 5 August 2020 and 25 August 2020 were made in my own personal capacity. In six of these cases, I stated explicitly that I was seeking the records as a private party. Moreover, I submitted all seven requests from a personal email address and on my personal time in off-duty hours. All were made without anyone's consent, approval, direction or knowledge of other than my own, and in no case did I refer to my federal employer or my federal employment status.

Still, all seven requests were denied on the grounds that none constituted a "proper FOIA request." All of the determinations referenced a 13 April 2018 memorandum by Mr. James P. Hogan, chief of DoD FOIA Policy, which states that the FOIA statute "specifically excludes federal agencies from the definition of 'any person,'" and that consequently federal agency employees, including Stars and Stripes personnel, may not submit a FOIA request to a federal agency when acting "as a representative of a federal agency."

There seems to be no question, however, that federal employees meet the statutory definition of "person" when acting in their private capacities, and therefore retain rights to request records under FOIA. Mr. Hogan's memorandum is notably silent on this point, but for a very recent decision on such matters, I would point to the response to FOIA appeal #20-AC-0057-1 by Ms. Lyn M. Kirby of the Defense Privacy, Civil Liberties and Transparency Division, dated 23 Sep 2020. That case concerned the National Guard Bureau's denial of a records request in which FOIA officials cited two DoD memos similar to Mr. Hogan's. Ms. Kirby, however, found in my favor in that case and remanded the FOIA request back to NGB for processing as a proper request after I argued that I retain my personal FOIA rights when acting in a private capacity, even when requesting records similar to those I'd previously sought on behalf of my employer.

In these latest seven CENTCOM cases, the government appears to have again improperly denied me my FOIA rights merely because it had outside knowledge of my federal agency employment status, which colored its decisions. I presume CENTCOM does not ordinarily vet all requester identities to weed out potential off-duty federal employees and service members, as that would seem to run contrary to the well-established Supreme Court rule that a government decision to withhold otherwise releasable public records under FOIA cannot be predicated on the requester's identity, purpose for seeking the records or intended use of the information. So, as stated above, I would appreciate some clarity on what information, evidence or reasoning was used to single me out for scrutiny in these cases, given that I was acting on my own behalf, on my personal time, using my personal email addresses.

Thank you for considering this request. Should you need to discuss this matter with me, I can be reached at chadgarland@msn.com. I ask that correspondence be conducted via email to the extent possible.

Sincerely,


Chad Garland
Salzstr. 4
67657 Kaiserslautern
GERMANY
(c) 443-745-3240 || chadgarland@msn.com


[Quoted text hidden]

Exhibit 8



**UNITED STATES CENTRAL COMMAND**
7115 SOUTH BOUNDARY BOULEVARD
MACDILL AIR FORCE BASE, FLORIDA 33621-5101

15 October 2020

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

We received your email dated 12 October 2020 expressing your concerns related to the administrative closures of United States Central Command FOIAs #20-0922 and #20-0931 through #20-0936.  These requests sought records concerning: (1) U.S. assistance to the Taliban from 1 January 2015 to 5 August 2020 in Nangarhar Province against the Islamic State Khorasan Province; (2) A hostile incident in Afghanistan on or about 27 April 2017 that resulted in the deaths of SGT Joshua P. Rodgers and SGT Cameron H. Thomas; (3) A hostile incident in Afghanistan on or about 1 January 2018 that resulted in the death of SFC Mihail Golin; (4) A hostile incident in Afghanistan on or about 11 January 2020 that resulted in the deaths of PFC Miguel A. Villalon and SSG Ian P. McLaughlin; (5) A hostile incident in Afghanistan on or about 26 August 2015 that resulted in the deaths of SSG Forrest B. Sibley and CPT Matthew D. Roland; (6) A hostile incident in Afghanistan on or about 5 January 2016 that resulted in the death of SSG Matthew Q. McClintock; and (7) communications created, sent or received by officials with U.S. Forces-Afghanistan Public Affairs Office, press office and headquarters, and command staff pertaining to the Stars and Stripes newspaper or the internet domain www.stripes.com from 1 January 2017 to 25 August 2020.

As stated in our previous letter, these cases were administratively closed.  Your requests do not constitute proper FOIA requests, as federal agencies may not submit FOIA requests to other federal agencies. Stars and Stripes is a component of the Defense Media Activity, and as such, its personnel, as representatives of a Federal agency, do not qualify as requesters under the FOIA.

No allowable fees could be charged for this request pursuant to 32 Code of Federal Regulations § 286.12(e).  For any further assistance and to discuss any aspect of your request, you have the right to contact the Office of the Chief Management Officer, Directorate for Oversight and Compliance, Defense Privacy, Civil Liberties, and Transparency Division, FOIA Public Liaison (Mr. Darrell Williams) at OSD.FOIALiaison@mail.mil; telephone (571) 372-0462.  Additionally, you have the right to contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.  The contact information for OGIS is:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, MD 20740-6001, e-mail at ogis@nara.gov; telephone at (202) 741-5770; toll free at (877) 684-6448; or facsimile at (202) 741-5769.

If you are not satisfied with this response, you have the right to appeal to the appellate authority, Ms. Joo Chung, Director of Oversight and Compliance, Office of the Secretary of Defense.  The appellate address is OCMO Directorate for Oversight and Compliance, 4800 Mark Center Drive, ATTN:  DPCLTD, FOIA Appeals, Mailbox# 24, Alexandria, VA 22350-1700.  As an alternative, you may use the Office of the Secretary of Defense FOIA request portal at https://pal.whs.mil/ to submit your appeal electronically, or you can email your appeal to OSD.FOIA-APPEAL@mail.mil,

and state "FOIA Appeal" in the subject of the email.  Your appeal must be postmarked or submitted electronically within 90 calendar days from the date of this letter, cite USCENTCOM's case #    , and clearly mark "Freedom of Information Act Appeal" in your correspondence.

If you have any questions regarding your inquiry, please contact the FOIA Requester Service Center at (813) 529-6285, centcom.macdill.centcom-hq.mbx.freedom-of-information-act@mail.mil, and refer to USCENTCOM cases #20-0922, #20-0931, 20-0932, #20-0933, #20-0934, #20-0935, and #20-0936.

Sincerely,

STEPP.CRAIG.
ALDEN.1186363
490

Digitally signed by
STEPP.CRAIG.ALDEN.1186
363490
Date: 2020.10.15 09:11:42
-04'00'

Craig A. Stepp
Lieutenant Colonel, U.S. Army
Deputy, Resources and Analysis Division

 Gmail

**Chad Garland <chadlygarland@gmail.com>**

---

## Re: Freedom of Information Act appeal (CENTCOM FOIA cases #20-0922 & #20-0931 through #20-0936)
1 message

---

**Chad Garland** <chadgarland@msn.com>                           Mon, Nov 30, 2020 at 8:00 AM
To: OSD.FOIA-APPEAL@mail.mil

Howdy,

Please see the attached appeal under the Freedom of Information Act regarding CENTCOM FOIA cases #20-0922 and #20-0931 through #20-0936, as well as five (5) enclosures.

In addition to the facts and arguments I marshal for this appeal, I submit that my earlier FOIA appeal #20-AC-0057-A1 may be instructive in this case. That appeal concerned a separate request, which the National Guard Bureau denied on similar grounds as the one CENTCOM relies upon in these seven cases. On appeal, Ms. Lyn M. Kirby remanded the requests back to NGB for continued processing.

I am respectfully requesting that this appeal receive expedited processing, as justified in the attached appeal letter, and that my seven requests be remanded to CENTCOM.

Thank you,


Chad Garland
Salzstr. 4
67657 Kaiserslautern
GERMANY
(c) 443-745-3240 ‖ chadgarland@msn.com

---

**6 attachments**

📄 **CENTCOM Appeal - 29NOV2020.pdf**
156K

📄 **Enclosure_3 CENTCOM response 15OCT20.pdf**
173K

📄 **Enclosure_4 DoD Memo 13APR18.pdf**
188K

📄 **Enclosure_5 Garland email 12OCT20.pdf**
135K

📄 **Enclosure_1 Garland FOIA requests.pdf**
970K

📄 **Enclosure_2 CENTCOM denials 30SEP20.pdf**
1054K

ODCMO Directorate for Oversight and Compliance
ATTN: DPCLTD, FOIA Appeals, Mailbox #24
4800 Mark Center Drive
Alexandria, VA 22350-1700


Dear Ms. Joo Chung:

This is an appeal under the Freedom of Information Act of the U.S. Central Command's 30 September 2020 denial of seven FOIA requests that I filed in August, identified as CENTCOM cases #20-0922 and #20-0931 through #20-0936 (Enclosure 1).

In correspondence on these matters, CENTCOM repeatedly stated that none of my requests "constitute a proper FOIA request," citing a Defense Department memorandum of 13 April 2018 that directs FOIA offices that "as representatives of a federal agency," Stars and Stripes personnel do not qualify to request records under the Act, as the agency does not meet the relevant statutory definition of "any person" (Enclosure 2-4).

However, I acted in a personal capacity and not on behalf of the federal government. I expressly stated as much in the requests, which I submitted using private resources in my unpaid off-duty time, without the consent, direction, approval or knowledge of anyone other than myself.

In an email on 12 October 2020 seeking an explanation of CENTCOM's evidence and rationale, I restated and expanded upon the declarations as to my independence (Enclosure 5). In response, CENTCOM's FOIA RSC officials did little more than restate previous unfounded assertions in an attempt to connect my requests to Stars and Stripes.

Having received no relief from CENTCOM, I find it necessary to appeal all seven denials on the following grounds, which I will expand upon below: Regardless of employment status, I am a U.S. citizen with the right to seek records under FOIA for *any* reason and to use records obtained however I choose.

I request expedited processing of this request, as I had requested expedited processing of case #20-0922, which related to a matter then (and still) of current exigency to the American public. I'll provide further detail to support this request in the final section of this letter.


### I am a U.S. citizen with the right to request records under FOIA for any reason and to use any records obtained however I choose.

CENTCOM seems to read DoD's 13 April 2018 memo as prohibiting someone employed by the federal government, or perhaps specifically Stars and Stripes personnel exclusively, from requesting records under FOIA and that they must seek them via "official channels." This is wrong.

The memo (like others[1]) explicitly states that an **agency** may not submit a FOIA request because it is excluded from the statute's definition of "any person." This is consistent with DoD Manual 5400.07, which states that "FOIA may not be used by federal agencies seeking official information." The memo further applies this exclusion to Stars and Stripes personnel "as representatives" of the organization, a clear reference to employees acting in an official capacity. The memo does not concern federal employees acting in their personal capacities.

---

[1] See DoD Directorate of Freedom of Information and Security Review memorandum 99-CORR-006 "FOIA requests from the Stars and Stripes" of 19 January 1999 and Office of the Secretary of Defense memo 91-CORR-126 "FOIA Requests from the Stars and Stripes newspaper" of 1 August 1991 (https://open.defense.gov/Portals/23/Documents/starstrp.pdf).

While the memo's interpretation of the Act may yet be debatable, as the Justice Department has said even a federal agency employee seeking records under the FOIA in his official capacity would be a "person" under the Act,[2] it is nonetheless uncontroversial. The courts have frequently found that a FOIA requester is not the "representative" who files the request, but the principal on whose behalf it's filed. In any case, I have no interest in disputing the policy here, as it is not relevant: I acted on my own behalf as a private U.S. citizen and not "as a representative" of any federal agency.

Regardless of any authority that may exist under which the records may be disclosed to a federal civilian employee in an official capacity outside of the FOIA, they have every right to seek them under FOIA privately.[3] I expressly stated that I was seeking the records independently (in #20-0922) or as a private citizen (in #20-0931 thru #20-0936).

Further, I submit that my requests were "proper" under FOIA, contrary to CENTCOM's determination. For a request to be proper, the Act requires only that it reasonably describe the records sought and be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." I reviewed the 5 U.S.C. 552 and relevant DoD guidance — DoD Directive 5400.7, DoD Manual 5400.07, 32 C.F.R 286, the DoD FOIA Handbook — but found nothing that distinguishes an off-duty employee of an Executive branch agency from "any person," nor any special rules or procedures for federal employees.

While the Act, relevant regulations and even CENTCOM's FOIA web page all appear to be silent on the matter, the FOIA offices for several DoD components state that federal civilian and military personnel seeking records under the Act should do so without use of government resources or duty time.[4] So, too, do FOIA offices for some other federal agencies.[5] This doesn't appear to be a rule under FOIA, but rather advice against the misuse of federal resources for personal matters.

I made reasonable efforts to comply with the available guidance, submitting these seven requests on personal time (all after 11:30 p.m. local), using personal email addresses (chadgarland@msn.com and chadlygarland@gmail.com), via personally paid internet services at my off-base residence in Germany, making no reference to my official title, official address, assigned military facility or federal employment.

Therefore, I submit that I qualify as "any person" under the Act, notwithstanding CENTCOM's knowledge, beliefs or suspicions about my employment or intentions. Moreover, decisions about disclosure cannot be based on a requester's identity, reasons and intentions, nor do such factors have anything to do with the propriety of the requests.

---

[2] FOIA Update, Vol. VI, No. 1, dated January 1, 1985,
(https://www.justice.gov/oip/blog/foia-update-foia-counselor-questions-answers-15), which states that "a FOIA request received from an employee of another federal agency, even one acting in his official capacity, would be a request from a 'person' and would therefore satisfy … the technical requirement of the FOIA …"

[3] DoD 5400.7-R, September 1998, stating that "while authority may exist to disclose records to individuals in their official capacity, the provisions of this Regulation apply if the same individual seeks the records in a private or personal capacity."

[4] See U.S. Air Force Compliance Division FOIA Handbook (https://www.compliance.af.mil/Library/Handbook/); U.S. Naval Air Systems Command FOIA Request Q's & A's (https://www.navair.navy.mil/foia/faq); the FOIA frequently asked questions page for USCYBERCOM (https://www.cybercom.mil/FOIA/FOIA-FAQ/), echoed by USINDOPACOM and USSTRATCOM as well; and USAREUR (https://www.eur.army.mil/FOIA/).

[5] See USDA FOIA FAQ (https://www.usda.gov/oascr/foia-frequently-asked-questions#file_request), stating that "Federal employees may not use government time or equipment when requesting information under the FOIA"; and U.S. Census Bureau FOIA presentation slides of March 2015 by Michael Toland, Ph.D. Census Bureau FOIA/Privacy Act Officer Chief, Freedom of Information Act and Open Government Branch (https://www2.census.gov/foia/events/2015-03/2015-03_Toland.pdf), stating at p. 31 that "[f]ederal employees can submit FOIA requests, but only as a private citizen," meaning they cannot do so during normal duty hours, using government equipment, or in his/her official capacity.

As the Supreme Court has repeatedly held, a requester's identity has "no bearing on the merits" of their FOIA request, outside of cases where there is a privacy privilege protecting the requester,[6] and one "needs no preconceived idea of the uses the data might serve," as the information "belongs to citizens to do with as they choose."[7] It is, after all, public data.

While I did cite my bona fides as a "representative of the news media," this does not entail that I was acting on behalf of any particular entity or organization, let alone the Stars and Stripes specifically. I made no claims to be working on anyone else's behalf, and six of the requests didn't even mention Stars and Stripes at all. In the one request that did (case #20-0936), it was in the description of records and a subsequent attempt at perfecting that element of the request, a matter that pertains to the records, not to the requester. That hardly constitutes a claim to represent DoD's unofficial newspaper.

Stars and Stripes had no part in my requests, but even if we were to imagine briefly that it did, as an unnamed party that asserted no rights of access, it would have had no administrative or legal standing.

The courts have held that a person whose name does not appear on a FOIA request "has no right to receive either the documents … or notice of an agency decision to withhold the documents."[8] Further, even if given "passing reference" in the request, a person not clearly named as a requester lacks standing to sue for release of records in court because "he has not administratively asserted a right to receive them in the first place."[9] Additionally, a representative must "clearly indicate that [a FOIA request] is being made 'on behalf of'" another entity for that other party to be considered the requester, the courts have held.[10]

As these rulings make clear, were it to my advantage somehow, I could not now make party to this action anyone merely referenced but not explicitly named as a requester — let alone establish them as principal. Neither, I submit, can CENTCOM. That should be all the more true for an entity that is not even a "person" under FOIA and asserted no rights under the act in any of these requests.

Since CENTCOM has provided no evidence, information or rationale for its determination that Stars and Stripes is the principal on this request, it's unclear to me what basis can support its conclusions, beyond mere supposition. Denial of a citizen's rights under FOIA would seem to require something more than that. Rather, any presumption in these cases should have cut the other way, in favor of maximal disclosure by viewing me rightfully as the requester. As President Obama said in 2009, the clear operative policy for administration of the Act is: "In the face of doubt, openness prevails."

But, given the statements in my certified FOIA requests, there should be no doubt on whose behalf I was acting. Not only did I give Stars and Stripes no more than passing reference, I expressly argued in some detail, with reference to my own academic and professional history, that I personally qualified as a news-media requester under the Act, independent of any other organization. I am an award-winning journalist,[11] with a master's degree in the field[12] and a track record of publication directly to an online

[6] DOJ v. Reporters Committee for Free Press, 489 U.S. 749 (1989); Swan v. SEC, 96 F.3d 498, 499 (D.C. Cir. 1996); NARA v. Favis (02-954) 541 U.S. 157, 124 S. Ct. at 170 (2004)

[7] Favish v. NARA at 1581 (2004); also see North v. Walsh, 881 F.2d 1088, 1096 (D.C. Cir. 1989), stating that "[i]n sum, [FOIA requester's] need or intended use for the documents is irrelevant."

[8] McDonnell v. U.S., 4 F.3d 1227, 1236 (3d Cir. 1993)

[9] Ibid.

[10] Three Forks Ranch Corp. v. Bureau of Land Mgmt, 358 F. Supp. 2d 1, 2 (D.D.C. 2005)

[11] News21 Awards, 2013 Eppy Award and SABEW Best in Business award for "Back Home" project (https://news21.com/awards/).

[12] Arizona State University Cronkite School of Journalism and Mass Communications Outstanding Students, Fall 2013 Outstanding Graduate Student (https://cronkite.asu.edu/real-world-experiences/student-awards/outstanding-students).

audience subscribed to my social media channels and in news outlets such as The Associated Press,[13] Los Angeles Times[14] and NBC News,[15] dating back years before being employed by the federal government.

As a reporter with nearly a decade of experience, I have a legitimate personal interest in gathering and distributing news. As the U.S. District Court of the District of Columbia has said, "private interests clearly drive journalists … in their search for news," which interests they advance "almost exclusively by dissemination of news," such that with any private benefit rises the public benefit.[16] Given that journalists' works generally carry their names (bylines), at least some part of that private benefit is reputational, so that I stand to gain by accessing and disseminating public records that significantly contribute to public understanding of government activity.

And I have fairly plentiful options for disseminating work based on such records, given my track record and relationships with editors at outlets such as the New York Times, Military Times, Military.com and Task & Purpose, evidence of which I can provide if needed. And, as I told CENTCOM in my initial requests, I could also choose to publish directly to a segment of the public on my personal social media accounts, where I frequently share news, information and editorial comment that I gather, edit and publish in my spare time. I might also choose to use records obtained under FOIA in a blog, book, documentary or other such formats. In 2020, the list of media platforms, outlets and formats is extensive and ever-expanding for someone with my training, skills and experience.

All of that is to say that I have a more than adequate personal motive to seek out records for disclosure under FOIA and to use them to public benefit in any number of ways, as I see fit. I am not bound by any obligation to use information that I obtain privately for the benefit of Stars and Stripes exclusively — and the DoD has made no secret of its intentions to close Stars and Stripes at some point in the near future.

But, moreover, statements as to my news-media status pertain to the procedural matters of fee waivers and expedited processing, not to the merits of the requests themselves. No provision of the law allows for news-media requester status to be considered as the basis for withholding records — or for that matter for disclosing them. If a record is releasable under the Act, it is releasable to "any person" who requests it, regardless of why, which is the true import of the statutory definition cited by CENTCOM and the 2018 DoD memo, not that it prohibits agencies from submitting FOIA requests.

Thus, CENTCOM is clearly erroneous and premature in closing these requests.

**Conclusion**

Whatever rights Stars and Stripes and its agents and representatives may or may not have under FOIA, as private citizens, federal employees like me have rights to seek public records under the Act and to do whatever we please with the information we obtain once it is in the public domain. The language of my requests and my use of personal resources make clear that I was acting on my own behalf. Moreover, except as it pertains to procedural matters like fee waivers, my identity, motives, intentions and the intensity of my desire for the records otherwise has no relevance to my requests' merits.

It's unclear how or on what information CENTCOM made its determination, but in that it allowed incidental knowledge of my affiliation with Stars and Stripes to color its decisions, it withheld the records

---

[13] For example, "US panel to study Agent Orange residue exposure" by Chad Garland, May 14, 2014 (https://apnews.com/article/ed4b3ac56bad463885708a78243aa6ad).

[14] Staff profile at the Los Angeles Times, where I wrote for the community news section the Burbank Leader from 2014 to early 2016 (https://www.latimes.com/tn-bio-chad-garland-staff.html).

[15] "'Scoundrels … thieves … rip-off artists' flock to veterans charities" by Chad Garland and Andrew Knochel, Aug. 29, 2013 (https://www.nbcnews.com/news/world/scoundrels-thieves-rip-artists-flock-veterans-charities-flna8C11055138).

[16] Badhwar v. United States Dept. of Air Force, 615 F. Supp. 698 (D.D.C. 1985).

on the basis of a flawed and prejudicial analysis. Additionally, its presumptions are contrary to the FOIA's inherent bias toward disclosure.

In light of these circumstances, I respectfully ask that all be remanded to CENTCOM for processing on their merits as proper FOIA requests.

I further request expedited processing of this appeal, in that it relates to at least one request for which I had requested expedited processing initially. That request, #20-0922, pertained to a matter of current exigency to the American public and to records that are likely to significantly contribute to the public understanding of the matter. As a member of the news-media, I have a compelling need for the records, due to my urgency to inform the public on a matter they want information about quickly. Any delay in processing my appeal, and thereby my request, compromises my recognized interests by diminishing the value of the latest "scoop" in a news story I might publish based on the records.

Specifically, the requested records pertain to alleged or actual U.S. support to the Taliban in Afghanistan, which was suggested in congressional testimony CENTCOM commander Gen. Frank McKenzie gave in March, in which he said that the U.S. provided "very limited support" to the militant group that the U.S. has been fighting for 19 years, grabbing international headlines.[17] Since the request was filed, new reports have surfaced alleging that the U.S. military conducted signals intelligence collection to help target strikes against Islamic State fighters that the Taliban was battling.[18] This development further increases the exigency of the matter and the urgency of my need to report relevant news based on any responsive records.

Thank you for your prompt consideration of this appeal.


Respectfully,



Chad Garland
Salzstr. 4
67657 Kaiserslautern
GERMANY
(c) 443-745-3240 || chadgarland@msn.com

---

[17] Gen. McKenzie's testimony was quoted in articles by Agence France Presse (https://www.france24.com/en/20200310-taliban-fought-is-with-limited-us-military-support-us-general-reveals), The Washington Times (https://www.washingtontimes.com/news/2020/mar/10/taliban-has-driven-isis-out-eastern-afghanistan-ve/), The Hill (https://thehill.com/policy/defense/486805-top-general-taliban-attacks-not-consistent-with-deal-with-us), Defense One (https://www.defenseone.com/threats/2020/03/us-helping-taliban-fight-isis-top-general/163665/), Task & Purpose (https://taskandpurpose.com/news/us-aiding-taliban-against-isis-afghanistan), Military.com (https://www.military.com/daily-news/2020/03/11/us-has-given-limited-support-taliban-isis-fight-general-says.html), The Drive (https://www.thedrive.com/the-war-zone/32534/the-u-s-military-says-it-has-supported-the-taliban-in-fighting-isis-in-afghanistan), The Times of London (https://www.thetimes.co.uk/article/american-forces-helped-taliban-to-drive-out-isis-8ttrqp9bb), Turkey's Anadolu Agency (https://www.aa.com.tr/en/americas/taliban-crush-daesh-isis-with-us-limited-support/1761305), and China's Xinhua (http://www.xinhuanet.com/english/2020-03/11/c_138864509.htm).
[18] The Washington Post, "Our secret Taliban air force," by Wesley Morgan, 22 October 2020 (https://www.washingtonpost.com/outlook/2020/10/22/taliban-isis-drones-afghanistan/?arc404=true).



**OFFICE OF THE DIRECTOR OF ADMINISTRATION AND MANAGEMENT**
1950 DEFENSE PENTAGON
WASHINGTON, DC 20301-1950

Exhibit 10

Ref:  21-AC-0013-A1
USCENTCOM:  20-0922
USCENTCOM:  20-0931-0936

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

This responds to your undated Freedom of Information Act Request (FOIA) appeal.  You appealed the decision of the United States Central Command (USCENTCOM) in response to your FOIA Request 20-0922 dated August 5, 2020, and FOIA Requests 20-0931 through 20-0936.

After carefully considering your appeal, I am affirming USCENTCOM's action on your requests.  As USCENTCOM properly stated in its response letters, a representative of a federal agency may not submit a FOIA request to a federal agency. You submitted your initial requests "as an independent representative of the news media," and your appeal emphasizes that you sought records in your personal capacity "as a private U.S. citizen."  I note first that any DoD information obtained by you in the course of your employment at *Stars and Stripes* may not form the basis of a "private citizen" FOIA request.  Further, per the Joint Ethics Regulation, DoD 5500.7-R, as an employee of *Stars and Stripes* you may be required to obtain prior approval from *Stars and Stripes* before engaging in any outside journalistic employment or activity, to avoid any conflict of interest with your DoD employment. Per your appeal letter, your requests were made "without the consent, direction, approval or knowledge of anyone other than myself." Because you have not demonstrated prior approval for outside journalistic employment or activity by *Stars and Stripes*, USCENTCOM was correct in determining that your requests did not constitute proper FOIA requests.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

CHUNG.JOO.
Y.1512306507
Digitally signed by
CHUNG.JOO.Y.1512306507
Date: 2021.04.19 13:11:49
-04'00'

Joo Y. Chung
Director
Oversight and Compliance

cc:
USCENTCOM