Exhibit 22



**DEPARTMENT OF THE NAVY**
HEADQUARTERS UNITED STATES MARINE CORPS
3000 MARINE CORPS PENTAGON
WASHINGTON, DC 20350-3000

5720
ARSF-MP
August 3, 2021

**SENT VIA E-MAIL TO:  CHADGARLAND@MSN.COM**
MR CHAD THOMAS GARLAND
STARS AND STRIPES
SALZSTRASSE 4
67657 KAISERSLAUTERN
GERMANY

Dear Mr. Garland:

SUBJECT:  YOUR FREEDOM OF INFORMATION ACT (FOIA) REQUEST, FILE
         NUMBER DON-USMC-2021-007966

       This responds to your June 23, 2021, FOIA request for records about a Marine Corps
general officer.  We controlled your request under file number **DON-USMC-2021-007966**.

        As we have told you in response to previous requests, and as the appellate authority
confirmed in their correspondence of April 28, 2021, the Stars and Stripes Newspaper is a
component of the Defense Media Activity and, as such, is a federal agency.  Accordingly, a
representative of Stars and Stripes cannot use the FOIA to gain access to Department of Defense
(DoD) information.  The FOIA statute provides that requests may be made by "an individual,
partnership, corporation, association, or public or private organization *other than an agency*."
Because this statute specifically excludes federal agencies from the definition of "any person," a
federal agency, or a representative of a federal agency, may not submit a FOIA request to
another federal agency.  See 5 U.S.C. § 551(2).  Additionally, per Department of Defense
Directive 5122.11, paragraph E6.3.2.2, you may not file a FOIA request as a Stars and Stripes
reporter and DoD employee.  In accordance with this directive, we unfortunately have no
alternative but to close your request and take no further action.  If you have not done so already,
we encourage you to contact the U.S. Marine Corps Communications Directorate at
Headquarters Marine Corps for the information you are seeking.

       If you wish to challenge this decision, you may submit an appeal directly within
FOIAonline.  If you prefer to use regular mail, please write to the Department of the Navy Judge
Advocate General (Code 14), 1322 Patterson Avenue SE, Suite 3000, Washington Navy Yard,
DC  20374-5066.  Your appeal, if any, must be postmarked within 90 calendar days from the
date of this letter and should include a statement indicating why you believe it should be granted.

       You also have the right to seek assistance and/or dispute resolution services from the
Department of the Navy FOIA Public Liaison, Mr. Christopher Julka, at (703) 697-0031 or
Christopher.a.julka@navy.mil.  You may also contact the Office of Government Information
Services (OGIS) at ogis@nara.gov or (877) 684-6448.  For more information, please visit their
website at:  www.archives.gov/ogis/mediation-program/request-assistance.

5720
ARSF-MP
August 3, 2021

     I am the official responsible for this determination.  Should you have questions about this action, please contact Mr. Michael Peters of my staff at (571) 256-8633 or via e-mail to Michael.l.peters3@usmc.mil.  Please reference the file number in the subject line above.

     Sincerely,

*Sally A. Hughes*

S. A. HUGHES
FOIA/PA Programs Manager

Exhibit 23

 Gmail

Chad Garland <chadlygarland@gmail.com>

---

## FOIA Appeal DON-NAVY-2022-001227 Submitted
1 message

---

**no-reply@foiaonline.gov** <no-reply@foiaonline.gov>                                                                       Wed, Nov 3, 2021 at 11:17 PM
To: chadgarland@msn.com

This message is to notify you of a new appeal submission to the FOIAonline application. Appeal information is as follows:

- Appeal Tracking Number: DON-NAVY-2022-001227
- Request Tracking Number: DON-USMC-2021-007966
- Requester Name: Chad Garland
- Date Submitted: 11/03/2021
- Appeal Status: Submitted
- Description: This is an appeal of the Headquarters Marine Corps' denial of my Freedom of Information Act request of 23 June 2021, which has been identified as DON-USMC-2021-007966.

  I made the request in my own name, and clearly stated in the body of the request that I was seeking the records as "an individual." I did not name any other requesting parties, did not claim to represent any other party, and did not have any agreement or authority to represent any other party in this matter. I made the request using my personal computer, from home, over personally paid internet services, via an account in my own name on the website foiaonline.gov.

  HQMC responded with an adverse determination emailed 5 August 2021, addressed to "MR CHAD GARLAND" at my personal email address and my residence in a privately owned apartment building in Kaiserslautern, Germany. However, the denial justification is based on the premise that I was not acting on my own behalf, but as a "representative of a federal agency," despite the fact that no agency is named in my request or located at the given address. HQMC itself simply adds "Stars and Stripes" to the address block of its own accord.

  I find it necessary to appeal this denial as an improper withholding, primarily because HQMC fails to cite any evidence to show a legally sufficient basis to determine that I was a "representative" of any third party. It has not shown any evidence that I had authority to act on behalf of any other party, that I acted under such authority, or that I advised HQMC I was acting on behalf of some other party. In fact, as DoD Manual 5400.07 does not permit agencies to file requests, no federal agency could have granted me authority to act as its representative on a FOIA request.

  HQMC cites the exclusion of federal agencies from the statutory definition of "person" and suggests that by merely identifying me as an employee of such an agency, it has established that I am its "representative." By the same principle all federal employees would be disqualified from using the FOIA personally. Yet, as several DoD FOIA sites attest to the fact that civilian employees and service members retain their right to FOIA in a personal capacity, so must I.

  Indeed, the language HQMC FOIA/PA programs manager Sally A. Hughes cites clearly entails more than mere employment. As she notes, "the FOIA statute … specifically excludes federal agencies from the definition of 'any person'" and therefore "a federal federal agency, or a representative of a federal agency, may not submit a FOIA request" (emphasis added). She also states that "a representative of the Stars and Stripes cannot use the FOIA to gain access to Department of Defense (DoD) information" (again my emphasis).

  However, a "representative" cannot be read as synonymous with "employee" or "official." All Party Parliamentary Grp. on Extraordinary Rendition v. U.S. Dep't of Def., 754 F.3d, 1052 (D.C. Cir. 2014). Rather, "FOIA requesters who have authority to file requests on behalf of … government entities are 'representatives' of such entities when they file requests of the sort they have authority to file." Id. at 1053. Moreover, the courts have repeatedly found that a requester who does not clearly identify that he is acting on behalf of another party is not a "representative" of that third party and that third party has no standing as a requester. See, e.g., Three Forks Branch, 358 F. Supp. 2d at 3, (holding that a party did not have standing in a FOIA claim where "it is not clear that the request is being made on behalf of" that party); SAE Productions Inc. v. FBI, 589 F. Supp. 2d 76, 80 (D.D.C. 2008) (finding that a corporation lacked standing to bring suit in a FOIA matter where its president did not adequately identify that the FOIA requests were made on behalf of the corporation). A "passing reference" does not suffice to confer standing, and "[a]ny arrangements [a requester has] with a third party are legally irrelevant for purposes of [a] FOIA request." Nor does the term "representative" have anything to do with "reporter" or the statutorily defined phrase "representative of the news media." The latter phrase refers to people who perform media functions, liberally construed, and is explicitly defined in the FOIA itself as a type of requester eligible for certain privileges (and therefore a person not an agency). DoD's FOIA regulation is clear that fee categories like "representative of the news media" pertain to the underlying requester who performs the media function, not any agent or attorney "representing a client" (i.e., a "representative").

It's clear Ms. Hughes understood that the request belonged to me and not some other party. Her response is addressed to "MR CHAD GARLAND," greets me as "Mr. Garland," identifies the request as "your request" and references what HQMC has "told you in response to previous requests." She cites no claim on my part to represent the Stars and Stripes, but rather refers to an appellate response on a separate matter, dated 28 April 2021 and sent to me, by name, at my personal email address. That response states that "you are identified as a Stars and Stripes reporter on both the Stars and Stripes website and on the website muckrack.com." Here again, this merely establishes some evidence of my employment status, not my authority to represent the Stars and Stripes in a FOIA matter.

Ms. Hughes further alleges that "per Department of Defense Directive 5122.11, paragraph E6.3.2.2, you may not file a FOIA request as a Stars and Stripes reporter or DoD employee" (emphasis added). Notably, this cited paragraph is about FOIA compliance and does not restrict me or any other DoD employee personally from making requests under the Act, nor does it establish that Stars and Stripes reporters or DoD employees are authorized agency "representatives" on FOIA matters. That same paragraph of DoDD 5122.11 refers to DoD's FOIA regulation, which at the time DoDD 5122.11 was published and for some 41 years in total (1975 through 2016), clearly stated that regardless of whatever official authority a person might have for obtaining records, that person retains a private right of access the same as any other member of the public when invoking the FOIA. Indeed, DoD has never published a rule that would prohibit federal employees from filing public records requests on their own behalf.

Clearly, rather than base its determination on the administrative record of my request, HQMC has based it on information about me from other sources — namely an appellate authority's internet inquiry into my employment situation — contrary to well-established principles of FOIA law that prohibit agencies from predicating withholding on the identity of the requester. The Government cites no "other reasons" beyond details about my identity for deeming that this request was improper or made in a "representative" capacity. It cites no failure to abide by published FOIA rules about time, place, fees or procedures that "any person" must follow. Thus, it appears HQMC is denying my private FOIA rights by simply unilaterally redefining me as a "representative" of my federal employer, despite the fact that I was not acting under any authority belonging to my employer, nor was I on duty or using federal resources.

As the Government bears the burden of proving the basis for its denial and it has not done so, I respectfully ask that this request be remanded to HQMC for further processing.

Thank you for your prompt consideration of this appeal.


Respectfully,


/s/Chad Garland
Chad Garland
(c) 443-745-3240 || chadgarland@msn.com

Exhibit 24

 Gmail

Chad Garland <chadlygarland@gmail.com>

---

## CUI - OJAG CODE 14 Final Response - FOIA Appeal DON-NAVY-2022-001227
1 message

---

**Bosiak, Nathaniel Allen (Nate) LT USN NAVCIVLAWSUPPACT DC (USA)**    Wed, Dec 29, 2021 at 9:48
<nathaniel.a.bosiak.mil@us.navy.mil>    PM
To: "chadgarland@msn.com" <chadgarland@msn.com>
Cc: "Winston, Wendy A CIV USN (USA)" <wendy.a.winston.civ@us.navy.mil>


Controlled Unclassified Information


Mr. Garland –


Good Afternoon.  Please see our final response to your FOIA Appeal: DON-NAVY-2022-001227.  A copy of the letter will
also be sent via FOIAOnline upon Ms. Winston's return from leave.




Very Respectfully,


Nate Bosiak

LT JAGC USN


Email: nathaniel.a.bosiak@navy.mil or nathaniel.a.bosiak@protonmail.com


Cell: (703) 201-8932

Office: (202) 685-5452


OJAG Code 14 – General Litigation

1322 Patterson Ave. Ste 3000

Washington Navy Yard, DC, 20374-6066


FOR OFFICIAL USE ONLY - Privacy Sensitive - Any misuse or unauthorized disclosure can result in both civil and
criminal penalties.


CONFIDENTIALITY NOTICE: This e-mail message and any attachments are intended only for the person or entity to
which it is addressed, and may contain confidential and/or privileged material protected by the attorney-client relationship.
Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact
the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish
to receive communications through this medium, please so advise the sender immediately.

| | |
|---|---|
| Controlled by: | Department of the Navy |
| Controlled by: | OJAG, Code 14 |
| CUI Category: | LEGAL-PRIVILEGE |
| Dist. Control: | FEDCON |
| POC: | LT Nate Bosiak, JAGC, USN |
| | nathaniel.a.bosiak@navy.mil |
| | Office: (202) 685-5452 |
| | Cell: (703) 201-8932 |

**Garland DON NAVY 2022 001227 signed.pdf**
216K



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374

IN REPLY REFER TO:
5720
Ser 14/044
December 29, 2021

***SENT VIA FOIAONLINE AND EMAIL***
Mr. Chad Garland
Salzstrasse 4
67657 Kaiserlautern
Germany
Email: chadgarland@msn.com

SUBJECT:   FREEDOM OF INFORMATION ACT (FOIA) REQUEST DON-USMC-
2021-007966; FOIA APPEAL DON-NAVY-2022-001227

This letter responds to your FOIA appeal received by my office on November 3, 2021, which was assigned FOIA appeal tracking DON-NAVY-2022-001227.  You appeal the denial of your underlying 23 June 2021 FOIA request, which was assigned FOIA request tracking number DON-NAVY-2021-007966.  Your request was processed by Headquarters, United States Marine Corps (HQMC), the initial denial authority (IDA) for the records requested.  In your initial request, you sought copies of investigation reports, including exhibits and attachments, pertaining to a senior Marine officer between June 1, 2020 to June 23, 2021, the date of your initial request.

On August 3, 2021, the IDA responded, explaining that, as an employee of the Stars and Stripes Newspaper, an organization within the Department of Defense, you do not qualify as a requester under the FOIA.

You now appeal, contending that the IDA's denial of your request was improper because you made the requests as "an individual," not in your official capacity as an employee of Stars and Stripes.

Your appeal is a request for a final determination under the FOIA.  For the reasons stated below, your appeal is denied.

The FOIA provides that a FOIA request can be made by "any person," which is defined as an "individual, partnership, corporation, association, or public or private organization other than an agency."  5 U.S.C. § 551(2).  Because the statute specifically excludes federal agencies from the definition of "any person," a federal agency, or a representative of a federal agency, may not submit a FOIA request to a federal agency. Your employer, Stars and Stripes, is a component of the Defense Media Activity (DMA)

5720
Ser 14/044
December 29, 2021

and, as such, is a federal agency.  Additionally, pursuant to the Office of the Director of Administration and Management (ODAM) memorandum dated March 4, 2021, a Stars and Stripes (S&S) employee may only submit a DoD FOIA request if (a) it is filed in his or her individual capacity, not on behalf of S&S; <u>and</u> (b) the requester demonstrates that he or she has obtained prior approval from S&S to engage in outside journalistic employment, as required by DoDD 5500.7.  The requester may file such individual requests as a representative of the news media, so long as the above approval has been demonstrated and the request is not made in the requester's capacity as a S&S employee.  Accordingly, any representative of Stars and Stripes cannot use the FOIA to gain access to DoD information, nor can an employee remove their "employee hat" and request information as an individual, without express authorization of the agency.

In this case, while you identified yourself as a private citizen in your initial FOIA request, you nevertheless have been identified as a Stars and Stripes reporter on both the Stars and Stripes website[1] and on the website muckrack.com.  Per Department of Defense Directive (DoDD) 5122.11, paragraph E6.3.2.2, you may not file a FOIA request in your capacity as a Stars and Stripes reporter and DoD employee.  Nor may you file a FOIA request as a representative of the news media outside your capacity as a Stars and Stripes reporter.  Per DoDD 5122.11, paragraph 4.4.1, Stars and Stripes must operate in accordance with DoDD 5500.7, which requires DoD employees to obtain prior approval before engaging in outside employment.  Therefore, because you have not shown such prior approval here, nor adequately represented that you request the information in your personal capacity, your appeal is denied.

As the Department of the Navy's designated adjudication official for this FOIA appeal, I am responsible for its denial.  You may seek judicial review of this decision by filing a complaint in an appropriate U.S. District Court.  My office represents the U.S. Government and is, therefore, unable to assist you in this process.

You have the right to seek dispute resolution services by contacting the Department of the Navy's FOIA public liaison, Mr. Christopher Julka, at christopher.a.julka@navy.mil or at (703) 697-0031 or the Marine Corps FOIA public liaison, Ms. Sally Hughes, at HQMCfoia@usmc.mil or at (703) 614-4008.  You may also seek dispute resolution services from the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, at (202) 741-5770 or ogis@nara.gov.

---

[1] In <u>Yunmi's Asian flavors go with the flow on fountain-festooned square in Kaiserslautern</u>, you are identified by Stars and Stripes as "a Marine Corps veteran who covers the U.S. military in the Middle East, Afghanistan and sometimes elsewhere for Stars and Stripes.  *See* Chad Garland, <u>Yunmi's Asian Flavors Go with the Flow on Fountain-Festooned Square in Kaiserslautern</u>, Stars and Stripes (Dec. 29, 2021), https://www.stripes.com/living/europe_travel/after_hours/2021-12-29/yunmi-asian-fusion-sushi-ramen-japanese-kaiserslautern-4066630.html.

5720
Ser 14/044
December 29, 2021

If you have further questions or concerns for my office, my point of contact is Lieutenant Nate Bosiak, USN, who may be reached at nathaniel.a.bosiak@navy.mil or (202) 685-5452.

Sincerely,

S. D. SCHROCK
Director
General Litigation Division

Copy to:
HQMC (ARSF)
DON CIO

3

21-F-0883
21 April 2021

## Submit New Request

Exhibit 25

### Requester Details

To modify request details please update your requester profile or contact the our office for assistance.

**Chad Thomas Garland**
Independent/Freelance
Salzstr 4
Kaiserslautern, -  67657
Phone 443-745-3240
chadgarland@msn.com


Requester Default Category: News Media


**Custom Fields**

Requester Control # :
Previous Address 2 :

### General Information

| | |
|---|---|
| Request Type | FOIA |
| Requester Category | News Media |

### Shipping Address

| | |
|---|---|
| Street1 | Salzstr 4 |
| Street2 | |
| City | Kaiserslautern |
| State | rHINELAND pHALTZ |
| State (Other) | |
| Country | Germany |
| Zip Code | 67657 |

### Request Information

**Description**

My name is Chad Garland. I am a U.S. citizen and journalist residing at the listed address in Germany. I am making this request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on my own behalf for my own discretionary use, as is my personal right. REQUESTED RECORDS: Notes and correspondence pertaining to the processing or coordination on my FOIA requests identified by tracking numbers 20-F-1504, 20-F-1530, 20-F-1531 and J-21-0009, all filed since May 1, 2020. INSTRUCTIONS FOR SEARCH: I request the search include any records even if they are already publicly available. I request that searches include all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted. I request a search of all "soft files" and emails relating to the subject matter of my request. FORM OR FORMAT: I request responsive records be released in digital format (soft copy) via DoD SAFE or the like, or via compact disc or similar media. SEGREGABLE RECORDS: I request full release of the above documents to the extent allowable under the law and agency discretion, in the interest of maximum disclosure, but I will accept all releasable portions of any documents reasonably segregable or redacted for the protection of privacy rights, state secrets, or other cognizable interests under the Act. In redacting any material, please "black out" any exempt material. If a document is denied in whole or in part, please specify which exemption(s) apply for each part or whole document denied. Please provide an itemized inventory and detailed factual justification for denial of parts or whole documents specifying the number of pages in each document and the total number of pages withheld. NEWS-MEDIA STATUS: I am a print and online journalist with a master's degree in journalism. News reporting has been my primary occupation or activity for more than seven years, with a track record of publication stretching back over a decade in various print and online publications. I have appeared on Fox News and my work has been published in The Associated Press, Los Angeles Times, NBC News, China Morning Post, Arizona Republic, Christian Science Monitor, Houston Chronicle, The Denver Post, and more, which provides a strong basis for expecting that I will be able to publish future work with those or similar news-media entities (https://muckrack.com/chadgarland/bio). Additionally, I am able to directly share news and current events information that I gather, edit and distribute myself to a segment of the public that subscribes to my social media accounts, which I personally own and maintain (a combined following of more than 12,000 followers). CERTIFICATION: I certify under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

**Date Range for Record Search:From**   05/01/2020

**Date Range for Record Search:To**   04/21/2021

**Description Document**

**Consent**

**Proof of Identity**

| Fee Information | |
|---|---|
| Willing Amount | $25 |

| Billing Address | |
|---|---|
| State (Other) | |

| Other Information | |
|---|---|
| State (Other) | |

| Custom Fields | |
|---|---|
| Requester # | |

# Submit New Request

# Exhibit 26

## Requester Details

To modify request details please update your requester profile or contact the our office for assistance.

**Chad Thomas Garland**

Chad Garland
Salzstr 4
Kaiserslautern, -  67657
Phone 443-745-3240
chadgarland@msn.com

Requester Default Category: News Media

## Custom Fields

Requester Control # :
Previous Address 2 :

## General Information

| | |
|---|---|
| Request Type | FOIA |
| Requester Category | Other |

## Shipping Address

| | |
|---|---|
| Street1 | Salzstr 4 |
| Street2 | |
| City | Kaiserslautern |
| State | rHINELAND pHALTZ |
| State (Other) | |
| Country | Germany |
| Zip Code | 67657 |

## Request Information

Description

This is a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Please provide me with a copy of DoD Directive 5122.5, "Assistant to the Secretary of Defense for Public Affairs," dated December 2, 1993. I am also requesting any prior versions of that issuance dating back to 1 January 1988. I request the records in soft copy format.

If a document is denied in whole or in part, please specify which exemption(s) apply for each part or whole document denied. Please provide an itemized inventory and detailed factual justification for denial of parts or whole documents specifying the number of pages in each document and the total number of pages withheld. For classified material, please indicate the classification level, identity of the classifier, date or event for automatic declassification review or downgrade, if applicable the identity of the official authorizing extension of automatic declassification or review past six years and the reason for the extension.

In order to help you determine my status for the purpose of assessing fees, you should know that I am an individual and I am seeking these records for noncommercial purposes.

| | |
|---|---|
| Date Range for Record Search:From | 01/01/1988 |
| Date Range for Record Search:To | 12/31/1993 |
| Description Document | |
| Consent | |
| Proof of Identity | |

## Fee Information

| | |
|---|---|
| Willing Amount | $25 |

## Billing Address
State (Other)

## Other Information
State (Other)

## Custom Fields
Requester #

JUL 1 2021

21-F-1225

# Submit New Request

Exhibit 27

## Requester Details

To modify request details please update your requester profile or contact the our office for assistance.

**Chad Thomas Garland**

Chad Garland

Salzstr 4

Kaiserslautern, -  67657

Phone 443-745-3240

chadgarland@msn.com

Requester Default Category: Other

## Custom Fields

Requester Control # :

Previous Address 2 :

## General Information

| | |
|---|---|
| Request Type | FOIA |
| Requester Category | Other |

## Shipping Address

| | |
|---|---|
| Street1 | Salzstr 4 |
| Street2 | |
| City | Kaiserslautern |
| State | rHINELAND pHALTZ |
| State (Other) | |
| Country | Germany |
| Zip Code | 67657 |

## Request Information

| | |
|---|---|
| Description | Dear FOIA administrator:<br><br>This is a request under the Freedom of Information Act (5 U.S.C. § 552).<br><br>I request that a copy of the following documents be provided to me: Public and agency comments received in response to the proposed amendment to 32 CFR Part 286 that was published on p. 71,847 et. seq. of the Federal Register, Vol. 72, No. 243, Wednesday, December 19, 2007, with what I believe is the docket number [DoD–2007–OS–0086; 0790–AI24].<br><br>In order to help you determine my status for the purpose of assessing fees, you should know that I am an individual seeking information for personal use and not for commercial use.<br><br>I am willing to pay fees for this request up to a maximum of $25. If you estimate that the fees will exceed this limit, please inform me first.<br><br>I prefer to be contacted by email, but have also included a telephone number at which I can be contacted if necessary to discuss any aspect of my request.<br><br>Sincerely,<br><br>Chad Garland<br>Salzstr 4<br>Kaiserslautern 67657<br>GERMANY<br>443-745-3240 |
| Date Range for Record Search:From | 12/19/2007 |

Date Range for Record Search:To
12/18/2008
Description Document
Consent
Proof of Identity

## Fee Information

Willing Amount                  $25

## Billing Address

State (Other)

## Other Information

State (Other)

## Custom Fields

Requester #

Exhibit 28



**DEPARTMENT OF DEFENSE**
**FREEDOM OF INFORMATION DIVISION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

Ref:  21-F-0883
April 23, 2021

Mr. Chad Garland
Salztr 4 67657
Kaiserslautern, Germany 67657

Dear Mr. Garland:

This is an interim response to your April 21, 2021 Freedom of Information Act (FOIA) request, a copy of which is enclosed for your convenience.  We received your request on April 21, 2021, and assigned it FOIA case number 21-F-0883.  We ask that you use this number when referring to your request.

As stated in our previous responses to FOIA requests 20-F-1504, 20-F-1530 and 20-F-1531, the FOIA states that a FOIA request can be made by "any person", which is defined at 5 U.S.C. § 551(2), as an "individual, partnership, corporation, association, or public or private organization other than an agency."  Because this statute specifically excludes federal agencies from the definition of "any person," a federal agency, or a representative of a federal agency, may not submit a FOIA request to a federal agency.  Stars and Stripes (S&S) is a component of the Defense Media Activity, and as such is a federal agency.  In regard to FOIA request J-21-0009 we are not familiar with that tracking nomenclature.

Accordingly, an S&S representative cannot use the FOIA to gain access to DoD information.  An S&S employee may only submit a DoD FOIA request if (a) it is filed in his or her individual capacity, not on behalf of S&S; and (b) the requester demonstrates that he or she has obtained prior approval from S&S to engage in outside journalistic employment, as required by DoDD 5500.7.  The requester may file such individual requests as a representative of the news media, so long as the aforementioned approval has been demonstrated, and the request is not made in the requester's capacity as an S&S employee.

You were identified as a reporter on the S&S website:  https://www.stripes.com/reporters.  Per DoDD 5122.11, paragraph 4.4.1, S&S must operate in accordance with DoDD 5500.7, which requires DoD employees to obtain prior approval before engaging in outside employment.  Prior approval has not been demonstrated here.  Therefore, we are not able to process your request under the FOIA and are closing your request, without further action.

If you have any questions or concerns about the foregoing or about the processing of your request, please do not hesitate to contact the Action Officer assigned to your request, Raymond Hartwick, at Raymond.j.hartwick.civ@mail.mil or 571-372-0432.  Additionally, if you have concerns about service received by our office, please contact a member of our Leadership Team at 571-372-0498 or Toll Free at 866-574-4970.

Should you wish to inquire about mediation services, you may contact the OSD/JS FOIA Public Liaison, Tonya R. Fuentes, at 571-372-0462 or by email at OSD.FOIALiaison@mail.mil, or the Office of Government Information Services (OGIS) at the National Archives and Records Administration.  The contact information for OGIS is as follows:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road-OGIS
> College Park, MD 20740
> E-mail: ogis@nara.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

We appreciate your patience in the processing of your request.  As stated previously, please contact the Action Officer assigned to your request, Raymond Hartwick, and reference FOIA case number 21-F-0883 if you have any questions or concerns.

Sincerely,

*Stephen L. Fisher*

*For*   Stephanie L. Carr
Chief

Enclosure:
As stated

Exhibit 29



**DEPARTMENT OF DEFENSE**
FREEDOM OF INFORMATION DIVISION
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

Ref:  21-F-1177
June 25, 2021

Mr. Chad Thomas Garland
Salzstr 4
Kaiserslautern
Rhineland, Phaltz Germany 67657

Dear Mr. Garland:

This is a final response to your June 23, 2021 Freedom of Information Act (FOIA) request, a copy of which is enclosed for your convenience.  We received your request on June 24, 2021, and assigned it FOIA case number 21-F-1177.  We ask that you use this number when referring to your request.

The FOIA states that a FOIA request can be made by "any person", which is defined at 5 U.S.C. § 551(2), as an "individual, partnership, corporation, association, or public or private organization other than an agency."  Because this statute specifically excludes federal agencies from the definition of "any person," a federal agency, or a representative of a federal agency, may not submit a FOIA request to a federal agency.  Stars and Stripes (S&S) is a component of the Defense Media Activity, and as such is a federal agency.

Accordingly, an S&S representative cannot use the FOIA to gain access to DoD information.  An S&S employee may only submit a DoD FOIA request if (a) it is filed in his or her individual capacity, not on behalf of S&S; and (b) the requester demonstrates that he or she has obtained prior approval from S&S to engage in outside journalistic employment, as required by DoDD 5500.7.  The requester may file such individual requests as a representative of the news media, so long as the aforementioned approval has been demonstrated, and the request is not made in the requester's capacity as an S&S employee.

You were identified as a reporter on the S&S website:  https://www.stripes.com/reporters.  Per DoDD 5122.11, paragraph 4.4.1, S&S must operate in accordance with DoDD 5500.7, which requires DoD employees to obtain prior approval before engaging in outside employment.  Prior approval has not been demonstrated here.  Therefore, we are not able to process your request under the FOIA and are closing your request, without further action.

If you have any questions or concerns about the foregoing or about the processing of your request, please do not hesitate to contact the Action Officer assigned to your request, Daniel Mullin, at 571-372-0465 or daniel.r.mullin3.civ@mail.mil.  Additionally, if you have concerns about service received by our office, please contact a member of our Leadership Team at 571-372-0498 or Toll Free at 866-574-4970.

Should you wish to inquire about mediation services, you may contact the OSD/JS FOIA Public Liaison, Tonya R. Fuentes, at 571-372-0462 or by email at OSD.FOIALiaison@mail.mil, or the Office of Government Information Services (OGIS) at the National Archives and Records Administration.  The contact information for OGIS is as follows:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road-OGIS
> College Park, MD 20740
> E-mail: ogis@nara.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

We appreciate your patience in the processing of your request.  As stated previously, please contact the Action Officer assigned to your request, Daniel Mullin, and reference FOIA case number 21-F-1177, if you have any questions or concerns.

Sincerely,

*for Pamela Andrews*
Stephanie L. Carr
Chief

Enclosure:
As stated

Exhibit 30



**DEPARTMENT OF DEFENSE**
**FREEDOM OF INFORMATION DIVISION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

Ref:  21-F-1225
July 2, 2021

Mr. Chad Thomas Garland
Salzstr 4
Kaiserslautern
Rhineland, Phaltz Germany 67657

Dear Mr. Garland:

This is a final response to your July 1, 2021 Freedom of Information Act (FOIA) request, a copy of which is enclosed for your convenience.  We received your request on July 1, 2021, and assigned it FOIA case number 21-F-1225.  We ask that you use this number when referring to your request.

The FOIA states that a FOIA request can be made by "any person", which is defined at 5 U.S.C. § 551(2), as an "individual, partnership, corporation, association, or public or private organization other than an agency."  Because this statute specifically excludes federal agencies from the definition of "any person," a federal agency, or a representative of a federal agency, may not submit a FOIA request to a federal agency.  Stars and Stripes (S&S) is a component of the Defense Media Activity, and as such is a federal agency.

Accordingly, an S&S representative cannot use the FOIA to gain access to DoD information.  An S&S employee may only submit a DoD FOIA request if (a) it is filed in his or her individual capacity, not on behalf of S&S; and (b) the requester demonstrates that he or she has obtained prior approval from S&S to engage in outside journalistic employment, as required by DoDD 5500.7.  The requester may file such individual requests as a representative of the news media, so long as the aforementioned approval has been demonstrated, and the request is not made in the requester's capacity as an S&S employee.

You were identified as a reporter on the S&S website:  https://www.stripes.com/reporters.  Per DoDD 5122.11, paragraph 4.4.1, S&S must operate in accordance with DoDD 5500.7, which requires DoD employees to obtain prior approval before engaging in outside employment.  Prior approval has not been demonstrated here.  Therefore, we are not able to process your request under the FOIA and are closing your request, without further action.

If you have any questions or concerns about the foregoing, please do not hesitate to contact your Action Officer assigned to you request, Mr. Charles Marye, at charles.c.marye.civ@mail.mil or (571) 372-0407.  Additionally, if you have concerns about service provided by our office, please contact a member of our Leadership Team at 571-372-0498 or Toll Free at 866-574-4970.

Should you wish to inquire about mediation services, you may contact the OSD/JS FOIA Public Liaison, Tonya R. Fuentes, at 571-372-0462 or by email at OSD.FOIALiaison@mail.mil, or the Office of Government Information Services (OGIS) at the National Archives and Records Administration.  The contact information for OGIS is as follows:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road-OGIS
> College Park, MD 20740
> E-mail: ogis@nara.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

We appreciate your patience in the processing of your request.  As stated previously, please contact the Action Officer assigned to your request, Mr. Charles Marye, and reference FOIA case number 21-F-1225, if you have any questions or concerns.

Sincerely,

*for Pamela Andrews*
Stephanie L. Carr
Chief

Enclosure:
As stated

Exhibit 31

 Gmail

**Chad Garland <chadlygarland@gmail.com>**

---

## Re: Freedom of Information Act Appeal, 21-F-1177
2 messages

---

**Chad Garland** <chadgarland@msn.com>                    Mon, Jul 5, 2021 at 6:40 PM
To: OSD.FOIA-APPEAL@mail.mil

Howdy:
Please find attached my Freedom of Information Act appeal on the matter of my FOIA request identified as
21-F-1177 (GarlandCT_OSD-appeal-21-F-1177.pdf). I have attached the original request as Enclosure1 and
the OSD/JS response as Enclosure2.

Respectfully,

Chad Garland

/s/Chad Garland
Chad Garland
(c) 443-745-3240 ‖ [chadgarland@msn.com](mailto:chadgarland@msn.com)



**3 attachments**

📄 **GarlandCT_OSD-appeal-21-F-1177.pdf**
60K

📄 **Enclosure2_21-F-1177 Final Response Letter - Stars and Stripes.pdf**
621K

📄 **Enclosure1_21-F-1177  Request Description.pdf**
145K

---

**Johnson, Adam H CIV OSD ODAM (USA)** <adam.h.johnson.civ@mail.mil>          Tue, Jul 6, 2021 at 10:23 PM
To: "chadgarland@msn.com" <chadgarland@msn.com>
Cc: OSD MC-ALEX ODAM Mailbox DFOIPO FOIA-APPEALS <osd.mc-alex.odam.mbx.dfoipo-foia-appeals@mail.mil>

Good afternoon Mr. Garland,

This is in response to your Freedom of Information Act (FOIA) appeal for FOIA request 21-F-1177.  The
reference number for this appeal is 21-A-1177-A1.

Due to an extremely heavy FOIA workload, we are unable to complete your appeal within the statutory time
requirement. In fairness to the general public, we make every effort to treat all requesters equally.
Accordingly, responses are made on a first in, first-out, easy-hard basis, and controlled in response queues.
When the appellate review of your case is complete, you will be notified by the appellate authority,
the Director of Oversight and Compliance, Office of the Secretary of Defense, of the final decision.  You
may direct any questions concerning this appeal to our FOIA appeals team at **osd.mc-alex.ocmo.mbx.
dfoipo-foia-appeals@mail.mil**.

v/r,
DOD FOIA Appeal Team

---

**From:** OSD MC-ALEX ODAM Mailbox DFOIPO FOIA-APPEALS <osd.mc-alex.odam.mbx.dfoipo-foia-
appeals@mail.mil>
**Sent:** Tuesday, July 6, 2021 3:34 PM

**To:** Johnson, Adam H CIV OSD ODAM (USA) <adam.h.johnson.civ@mail.mil>
**Subject:** FW: [Non-DoD Source] Re: Freedom of Information Act Appeal, 21-F-1177

---

**From:** Chad Garland [chadgarland@msn.com]
**Sent:** Monday, July 05, 2021 4:40 PM
**To:** OSD MC-ALEX ODAM Mailbox DFOIPO FOIA-APPEALS
**Subject:** [Non-DoD Source] Re: Freedom of Information Act Appeal, 21-F-1177

All active links contained in this email were disabled. Please verify the identity of the sender, and confirm the authenticity of all links contained within the message prior to copying and pasting the address to a Web browser.

---

[Quoted text hidden]
(c)
443-745-3240 ll chadgarland@msn.com < Caution-mailto:chadgarland@msn.com >

Salzstr. 4
67657 Kaiserslautern
GERMANY

July 5, 2021

ODCMO Directorate for Oversight and Compliance
ATTN: DPCLTD, FOIA Appeals, Mailbox #24
4800 Mark Center Drive
Alexandria, VA 22350-1700


Hi there:

This is an appeal of the Office of the Secretary of Defense/Joint Staff's (OSD/JS) denial of my Freedom of Information Act request of 23 June 2021, which has been identified as 21-F-1177 (enclosure 1).

In a response letter emailed to me on 25 June 2021, OSD/JS denied my request after identifying me as a Stars and Stripes reporter from the website www.stripes.com and stating that my request did not demonstrate "prior approval before engaging in outside employment," which it alleges DoD Directive 5500.07 requires all DoD employees to do (enclosure 2).

I find it necessary to appeal this denial as an improper withholding of records, primarily because it turns on **who I am** and on my alleged failure to comply with requirements that are not imposed under DoD's published FOIA rules either directly or by reference. Moreover, I did not make my request while engaging in outside employment, nor did I state that I was engaged in outside employment.

The FOIA provides that "any person" has a right, enforceable in court, to obtain access to agency records. The courts have repeatedly found that the nine FOIA exemptions are the **only significant limits** on access rights under the Act.[1] Otherwise, Congress obligated agencies to make nonexempt records promptly available upon "any request," conditioned only on whether said request reasonably describes the records sought and follows "published rules stating the time, place, fees (if any), and procedures to be followed."[2]

The "any person" standard means that the FOIA does not permit agencies to predicate denial on the requester's identity or individual circumstances. As the 11th Circuit observed in *Sikes v. Navy*, "the Supreme Court has made clear that 'the identity of the requesting party has *no bearing* on the merits of his or her FOIA request.'"[3] The irrelevance of the requester's identity and particular characteristics is

---

[1] *Military Audit Project v. Casey*, 656 F.2d 724, 731 n.11 (D.C. Cir. 1981).
[2] 5 U.S.C. § 552(a)(3)(A).
[3] *Sikes v. Navy*, 896 F.3d 1227, 1234 (11th Cir. 2018), quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press* , 489 U.S. 749, 771, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) (emphasis in the original).

perhaps one of the most well-established principles under FOIA law.[4] The Court has also found that the Act provides no authority to impose rules that would require an inquiry into each requester's identity or the circumstances surrounding a request, as Congress "did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis."[5]

Accordingly, the Defense Department cannot refuse to process a request made by "any person" that follows DoD's published time, place, fee and procedure rules that the public must follow, nor withhold nonexempt records or portions of records responsive to such a request. It does not matter **who** that requester is or what other laws or regulations the requester may or may not be subject to outside of the FOIA time-place-fee-and-procedures rules for all requesters that DoD is required to publish in the Federal Register.

DoD's FOIA regulation, published in the Federal Register in January 2017 as an amendment to 32 C.F.R. § 286, states that the rules and procedures requesters must follow are contained in that Part and the DoD FOIA Handbook, which are to be read in the context of the Act and the Office of Management and Budget's Uniform Freedom of Information Fee Schedule and Guidelines. It also states that DoD Manual 5400.07 contains internal FOIA procedures not legally required to be published in the Federal Register.[6] Additionally, DoD Directive 5400.07 establishes DoD's FOIA policy, including that the program adopts "a presumption in favor of disclosure in all release decisions involving the FOIA" and that it be administered in accordance with the procedures in Part 286 and DoD Manual 5400.07.

DoD Manual 5400.07, Paragraph 3.1.a states that "[a]n agency record requested by a member of the public in accordance with Part 286 of Title 32, CFR, and this issuance must not be withheld in whole or in part unless the FOIA exempts the record, or parts of it, from disclosure."

My request complied with all procedures imposed by Part 286, the DoD FOIA Handbook, DoD Manual 5400.07, etc., for persons seeking records under the Act. As the handbook requires, I made my request in writing, labeled in both the subject line and the body of the email as a "Freedom of Information Act request," addressed to the component that likely had the information I sought, describing the records sought in reasonably specific detail, and stating a willingness to pay appropriate fees. I used an account on https://pal.whs.mil/ registered in my own name and personal email address, stating that I was an individual seeking records for noncommercial purposes (i.e., in the "other" category). I also provided my contact information, including my personal cell phone number, email address and mailing address, as 32 C.F.R. § 286.5(c) requires, "to assist the DoD Component in communicating and providing released records."

Those are the extent of the procedural requirements as described in DoD's published FOIA regulation directly or by reference. Under the FOIA, a person "may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published," except to the extent the person is given actual and timely notice of the terms thereof.[7]

---

[4] See, e.g., *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989) (holding that "the identity of the requesting party has no bearing on the merits of his or her FOIA request"); *National Archives and Records Administration v. Favish*, 541 U.S. 157, 167 (2004) (observing that "[a]s a general rule, withholding information under FOIA cannot be predicated on the identity of the requester," and "as a general rule, when documents are within FOIA's disclosure provisions, citizens should not be required to explain why they seek the information"); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975) ("rights under the Act are neither increased nor decreased by reason of the fact that [the requester] claims an interest in the [requested information] greater than that shared by the average member of the public"); *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989) ("need or intended use for the documents is irrelevant"); *EPA v. Mink*, 410 U.S. 86 (1973) ("the Act [does not], by its terms, permit inquiry into particularized needs of the individual seeking the information").

[5] *United Technologies Corp. v. F.A.A.*, 102 F.3d 688, 692 (2d Cir. 1996) (quoting *FBI v. Abramson*).

[6] DoD Freedom of Information Act (FOIA) Program, 82 Fed. Reg. 1,193 (January 5, 2017) (revising 32 C.F.R. § 286).

[7] 5 U.S.C. § 552(a)(1).

However, I also followed guidance several DoD components provide online advising employees that they not use Government duty time, equipment, email or other federal resources when filing FOIA requests to make clear they are acting in a personal capacity.[8] I filed my request using my personal off-duty time, from my residence, on my home computer, over my personally paid internet services, without reference to any official title, position, address, and without express or implied claims of U.S. Government authority or sanction.

No rule requiring a requester to demonstrate prior approval to engage in outside employment is given in the manual, 32 C.F.R. § 286 or the other guidance incorporated by reference mentioned above. Nor does any published agency FOIA rule provide guidance on what is sufficient to demonstrate such approval when the requester is not engaged in outside employment or otherwise required to obtain approval for doing so.

Further, the requirements of DoDD 5500.7 cited in OSD/JS's response do not pertain to "any person," let alone all DoD employees. The directive is implemented through DoD 5500.7-R, the Joint Ethics Regulation, which states at Paragraph 2-206 that DoD employees **must** obtain prior approval before engaging in certain outside activities under three conditions: (1) it is business activity or compensated employment, (2) it is with a prohibited source (as defined at 5 C.F.R. § 2635.203(d)), and (3) the DoD employee is required to file financial disclosure reports. Otherwise, Paragraph 2-303 states that DoD employees **may** be required to obtain prior approval for "any outside activity" at the discretion of an Agency Designee who has jurisdiction over them, and that a Government official may only prohibit the activity if it is believed to pose a threat to readiness or security. An employee is "free to engage in the employment or activity" if action is not taken to prohibit it. OSD/JS fails to cite any evidence that I am a financial disclosure request filer, nor that the Agency Designee whose jurisdiction I fall under has otherwise imposed a requirement that I obtain prior approval for outside activity.

To the extent that OSD/JS denied my access on the presumption that Paragraph 2-206 pertains to me or the circumstances of my request, or that my supervisor has imposed any requirement under 2-303 on my outside activities, its denial is a clear violation of DoD Directive 5400.07, Paragraph 1.2.a.(1), which establishes that the DoD FOIA program adopts a presumption in favor of disclosure in all decisions involving the FOIA.

Besides, whatever the requirements of DoDD 5500.7 may pertain to me, my compliance with those requirements is irrelevant to my access right, as Congress did not make access contingent on compliance with any number of statutes, regulations and rules that a person might be subject to outside of those implementing the FOIA itself. As the D.C. Circuit noted, "Congress granted the scholar and the scoundrel equal rights of access."[9] Aside from the exemptions, all that matters to a right of access is that a request meets time, place, fee and procedure rules and gives a reasonable description.

And though federal officials may have a responsibility to ensure DoD employees comply with any number of laws and regulations, Congress did not contemplate the Act as an enforcement mechanism. It did not permit agencies to require that requesters demonstrate their compliance, nor did it permit FOIA officials to predicate disclosure on such a showing of compliance.

In fact, Congress expressly denied agencies the authority to withhold information from *any person* or to limit the availability of records to the public, except as "specifically stated" in the Act itself.[10] It does not permit withholding on mere "good faith" or "for any fair reason," as doing so "would undermine the FOIA's system of narrow and specifically identified exemptions," the 11th Circuit held in

---

[8] See, e.g., U.S. Air Force Compliance Division FOIA Handbook (https://www.compliance.af.mil/Library/Handbook/); U.S. Naval Air Systems Command FOIA Request Q's & A's (https://www.navair.navy.mil/foia/faq); the FOIA page USCYBERCOM (https://www.cybercom.mil/FOIA-Privacy-Act/About-the-Program/).

[9] *Durns v. Bureau of Prisons*, 804 F.2d 701, 706 (D.C. Cir. 1986).

[10] 5 U.S.C. § 552(d).

*Sikes v. Navy.* "[I]n fact the Supreme Court has rejected other attempts to insert exemptions into FOIA to address an agency's good-faith policy concerns," the court noted.[11]

Moreover, as discussed above, Congress did not permit agencies to inquire into the identity of the requester to determine whether he or she may be subject to either DoD 5500.7-R, Paragraph 2-206 or 2-303, and so OSD/JS's online search of the website www.stripes.com to identify me as a Stars and Stripes reporter who **may** be subject to those provisions in order to predicate withholding on that fact constitutes a violation of my FOIA rights.

My federal employment is immaterial to my request, as I neither invoked federal authority, nor made this request while in my capacity as a federal employee, nor in a capacity as an employee of any other entity.

Therefore, I respectfully ask that this request be remanded for further processing and that the requested records be disclosed to me, subject to any exemptions.

Thank you for your prompt consideration of this appeal.


Respectfully,


/s/Chad Garland
Chad Garland
(c) 443-745-3240 || chadgarland@msn.com

---

[11] *Sikes v. U.S. Dep't of the Navy,* 896 F.3d 1227, 1234-35 (11th Cir. 2018).

 **Gmail**

**Chad Garland <chadlygarland@gmail.com>**

---

## Re: Freedom of Information Act Appeal, 21-F-1225
2 messages

---

**Chad Garland** <chadgarland@msn.com>                          Mon, Jul 5, 2021 at 6:43 PM
To: OSD.FOIA-APPEAL@mail.mil

Howdy:
Please find attached my Freedom of Information Act appeal on the matter of my FOIA request identified as
21-F-1225 (GarlandCT_OSD-appeal-21-F-1225.pdf). I have attached the original request as Enclosure1 and
the OSD/JS response as Enclosure2.

Respectfully,

Chad Garland

/s/Chad Garland
Chad Garland
(c) 443-745-3240 ‖ [chadgarland@msn.com](mailto:chadgarland@msn.com)

---

**3 attachments**

📄 **Enclosure1_21-F-1225 Request Description.pdf**
158K

📄 **Enclosure2_21-F-1225_Final_Response_Letter.pdf**
621K

📄 **GarlandCT_OSD-appeal-21-F-1225.pdf**
60K

---

**Johnson, Adam H CIV OSD ODAM (USA)** <adam.h.johnson.civ@mail.mil>          Tue, Jul 6, 2021 at 10:06 PM
To: "chadgarland@msn.com" <chadgarland@msn.com>
Cc: OSD MC-ALEX ODAM Mailbox DFOIPO FOIA-APPEALS <osd.mc-alex.odam.mbx.dfoipo-foia-appeals@mail.mil>

Good morning Mr. Garland,

This is in response to your Freedom of Information Act (FOIA) appeal for FOIA request 21-F-1225.  The
reference number for this appeal is 21-A-1225-A1.

Due to an extremely heavy FOIA workload, we are unable to complete your appeal within the statutory time
requirement. In fairness to the general public, we make every effort to treat all requesters equally.
Accordingly, responses are made on a first in, first-out, easy-hard basis, and controlled in response queues.
When the appellate review of your case is complete, you will be notified by the appellate authority,
the Director of Oversight and Compliance, Office of the Secretary of Defense, of the final decision.  You
may direct any questions concerning this appeal to our FOIA appeals team at <ins>osd.mc-alex.ocmo.mbx.
dfoipo-foia-appeals@mail.mil</ins>.

v/r,
DOD FOIA Appeal Team

---

**From:** OSD MC-ALEX ODAM Mailbox DFOIPO FOIA-APPEALS <osd.mc-alex.odam.mbx.dfoipo-foia-
appeals@mail.mil>

**Sent:** Tuesday, July 6, 2021 3:34 PM
**To:** Johnson, Adam H CIV OSD ODAM (USA) <adam.h.johnson.civ@mail.mil>
**Subject:** FW: [Non-DoD Source] Re: Freedom of Information Act Appeal, 21-F-1225

---

**From:** Chad Garland [chadgarland@msn.com]
**Sent:** Monday, July 05, 2021 4:43 PM
**To:** OSD MC-ALEX ODAM Mailbox DFOIPO FOIA-APPEALS
**Subject:** [Non-DoD Source] Re: Freedom of Information Act Appeal, 21-F-1225

All active links contained in this email were disabled. Please verify the identity of the sender, and confirm the authenticity of all links contained within the message prior to copying and pasting the address to a Web browser.

---

[Quoted text hidden]
(c)
443-745-3240 ll chadgarland@msn.com < Caution-mailto:chadgarland@msn.com >

Salzstr. 4
67657 Kaiserslautern
GERMANY

July 5, 2021

ODCMO Directorate for Oversight and Compliance
ATTN: DPCLTD, FOIA Appeals, Mailbox #24
4800 Mark Center Drive
Alexandria, VA 22350-1700


Hello there:

      This is an appeal of the Office of the Secretary of Defense/Joint Staff's (OSD/JS) denial of my Freedom of Information Act request of 1 July 2021, which has been identified as 21-F-1225 (enclosure 1).

      In a response letter emailed to me on 2 July 2021, OSD/JS denied my request after identifying me as a Stars and Stripes reporter from the website www.stripes.com and stating that my request did not demonstrate "prior approval before engaging in outside employment," which it alleges DoD Directive 5500.07 requires all DoD employees to do (enclosure 2).

      I find it necessary to appeal this denial as an improper withholding of records, primarily because it turns on **who I am** and on my alleged failure to comply with requirements that are not imposed under DoD's published FOIA rules either directly or by reference. Moreover, I did not make my request while engaging in outside employment, nor did I state that I was engaged in outside employment.

      The FOIA provides that "any person" has a right, enforceable in court, to obtain access to agency records. The courts have repeatedly found that the nine FOIA exemptions are the **only significant limits** on access rights under the Act.[1] Otherwise, Congress obligated agencies to make nonexempt records promptly available upon "any request," conditioned only on whether said request reasonably describes the records sought and follows "published rules stating the time, place, fees (if any), and procedures to be followed."[2]

      The "any person" standard means that the FOIA does not permit agencies to predicate denial on the requester's identity or individual circumstances. As the 11th Circuit observed in *Sikes v. Navy*, "the Supreme Court has made clear that 'the identity of the requesting party has *no bearing* on the merits of his or her FOIA request.'"[3] The irrelevance of the requester's identity and particular characteristics is perhaps one of the most well-established principles under FOIA law.[4] The Court has also found that the

---

[1] *Military Audit Project v. Casey*, 656 F.2d 724, 731 n.11 (D.C. Cir. 1981).

[2] 5 U.S.C. § 552(a)(3)(A).

[3] *Sikes v. Navy*, 896 F.3d 1227, 1234 (11th Cir. 2018), quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press* , 489 U.S. 749, 771, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) (emphasis in the original).

[4] See, e.g., *DOJ v. Reporters Comm. for the Press*, 489 U.S. 749, 771 (1989) (holding that "the identity of the requesting party has no bearing on the merits of his or her FOIA request"); *National Archives and Records Administration v. Favish*, 541 U.S. 157, 167 (2004) (observing that "[a]s a general rule, withholding information under FOIA cannot be predicated on the identity of the requester," and "as a general rule, when documents are within FOIA's disclosure provisions, citizens should not be required to explain why they seek the information"); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975) ("rights under the Act are neither increased nor decreased by reason of the fact that [the requester] claims an interest in the [requested information] greater than that shared by the average member of the public"); *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989) ("need or

Act provides no authority to impose rules that would require an inquiry into each requester's identity or the circumstances surrounding a request, as Congress "did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis."[5]

Accordingly, the Defense Department cannot refuse to process a request made by "any person" that follows DoD's published time, place, fee and procedure rules that the public must follow, nor withhold nonexempt records or portions of records responsive to such a request. It does not matter **who** that requester is or what other laws or regulations the requester may or may not be subject to outside of the FOIA time-place-fee-and-procedures rules for all requesters that DoD is required to publish in the Federal Register.

DoD's FOIA regulation, published in the Federal Register in January 2017 as an amendment to 32 C.F.R. § 286, states that the rules and procedures requesters must follow are contained in that Part and the DoD FOIA Handbook, which are to be read in the context of the Act and the Office of Management and Budget's Uniform Freedom of Information Fee Schedule and Guidelines. It also states that DoD Manual 5400.07 contains internal FOIA procedures not legally required to be published in the Federal Register.[6] Additionally, DoD Directive 5400.07 establishes DoD's FOIA policy, including that the program adopts "a presumption in favor of disclosure in all release decisions involving the FOIA" and that it be administered in accordance with the procedures in Part 286 and DoD Manual 5400.07.

DoD Manual 5400.07, Paragraph 3.1.a states that "[a]n agency record requested by a member of the public in accordance with Part 286 of Title 32, CFR, and this issuance must not be withheld in whole or in part unless the FOIA exempts the record, or parts of it, from disclosure."

My request complied with all procedures imposed by Part 286, the DoD FOIA Handbook, DoD Manual 5400.07, etc., for persons seeking records under the Act. As the handbook requires, I made my request in writing, labeled in both the subject line and the body of the email as a "Freedom of Information Act request," addressed to the component that likely had the information I sought, describing the records sought in reasonably specific detail, and stating a willingness to pay appropriate fees. I used an account on https://pal.whs.mil/ registered in my own name and personal email address, stating that I was an individual seeking records for noncommercial purposes (i.e., in the "other" category). I also provided my contact information, including my personal cell phone number, email address and mailing address, as 32 C.F.R. § 286.5(c) requires, "to assist the DoD Component in communicating and providing released records."

Those are the extent of the procedural requirements as described in DoD's published FOIA regulation directly or by reference. Under the FOIA, a person "may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published," except to the extent the person is given actual and timely notice of the terms thereof.[7]

However, I also followed guidance several DoD components provide online advising employees that they not use Government duty time, equipment, email or other federal resources when filing FOIA requests to make clear they are acting in a personal capacity.[8] I filed my request using my personal off-duty time, from my residence, on my home computer, over my personally paid internet services,

---

intended use for the documents is irrelevant"); *EPA v. Mink*, 410 U.S. 86 (1973) ("the Act [does not], by its terms, permit inquiry into particularized needs of the individual seeking the information").

[5] *United Technologies Corp. v. F.A.A*, 102 F.3d 688, 692 (2d Cir. 1996) (quoting *FBI v. Abramson*).

[6] DoD Freedom of Information Act (FOIA) Program, 82 Fed. Reg. 1,193 (January 5, 2017) (revising 32 C.F.R. § 286).

[7] 5 U.S.C. § 552(a)(1).

[8] See, e.g., U.S. Air Force Compliance Division FOIA Handbook (https://www.compliance.af.mil/Library/Handbook/); U.S. Naval Air Systems Command FOIA Request Q's & A's (https://www.navair.navy.mil/foia/faq); the FOIA page USCYBERCOM (https://www.cybercom.mil/FOIA-Privacy-Act/About-the-Program/).

without reference to any official title, position, address, and without express or implied claims of U.S. Government authority or sanction.

No rule requiring a requester to demonstrate prior approval to engage in outside employment is given in the manual, 32 C.F.R. § 286 or the other guidance incorporated by reference mentioned above. Nor does any published agency FOIA rule provide guidance on what is sufficient to demonstrate such approval when the requester is not engaged in outside employment or otherwise required to obtain approval for doing so.

Further, the requirements of DoDD 5500.7 cited in OSD/JS's response do not pertain to "any person," let alone all DoD employees. The directive is implemented through DoD 5500.7-R, the Joint Ethics Regulation, which states at Paragraph 2-206 that DoD employees *must* obtain prior approval before engaging in certain outside activities under three conditions: (1) it is business activity or compensated employment, (2) it is with a prohibited source (as defined at 5 C.F.R. § 2635.203(d)), and (3) the DoD employee is required to file financial disclosure reports. Otherwise, Paragraph 2-303 states that DoD employees *may* be required to obtain prior approval for "any outside activity" at the discretion of an Agency Designee who has jurisdiction over them, and that a Government official may only prohibit the activity if it is believed to pose a threat to readiness or security. An employee is "free to engage in the employment or activity" if action is not taken to prohibit it. OSD/JS fails to cite any evidence that I am a financial disclosure request filer, nor that the Agency Designee whose jurisdiction I fall under has otherwise imposed a requirement that I obtain prior approval for outside activity.

To the extent that OSD/JS denied my access on the presumption that Paragraph 2-206 pertains to me or the circumstances of my request, or that my supervisor has imposed any requirement under 2-303 on my outside activities, its denial is a clear violation of DoD Directive 5400.07, Paragraph 1.2.a.(1), which establishes that the DoD FOIA program adopts a presumption in favor of disclosure in all decisions involving the FOIA.

Besides, whatever the requirements of DoDD 5500.7 may pertain to me, my compliance with those requirements is irrelevant to my access right, as Congress did not make access contingent on compliance with any number of statutes, regulations and rules that a person might be subject to outside of those implementing the FOIA itself. As the D.C. Circuit noted, "Congress granted the scholar and the scoundrel equal rights of access."[9] Aside from the exemptions, all that matters to a right of access is that a request meets time, place, fee and procedure rules and gives a reasonable description.

And though federal officials may have a responsibility to ensure DoD employees comply with any number of laws and regulations, Congress did not contemplate the Act as an enforcement mechanism. It did not permit agencies to require that requesters demonstrate their compliance, nor did it permit FOIA officials to predicate disclosure on such a showing of compliance.

In fact, Congress expressly denied agencies the authority to withhold information from *any person* or to limit the availability of records to the public, except as "specifically stated" in the Act itself.[10] It does not permit withholding on mere "good faith" or "for any fair reason," as doing so "would undermine the FOIA's system of narrow and specifically identified exemptions," the 11th Circuit held in *Sikes v. Navy*. "[I]n fact the Supreme Court has rejected other attempts to insert exemptions into FOIA to address an agency's good-faith policy concerns," the court noted.[11]

Moreover, as discussed above, Congress did not permit agencies to inquire into the identity of the requester to determine whether he or she may be subject to either DoD 5500.7-R, Paragraph 2-206 or 2-303, and so OSD/JS's online search of the website www.stripes.com to identify me as a Stars and

---

[9] *Durns v. Bureau of Prisons*, 804 F.2d 701, 706 (D.C. Cir. 1986).

[10] 5 U.S.C. § 552(d).

[11] *Sikes v. U.S. Dep't of the Navy,* 896 F.3d 1227, 1234-35 (11th Cir. 2018).

Stripes reporter who **may** be subject to those provisions in order to predicate withholding on that fact constitutes a violation of my FOIA rights.

My federal employment is immaterial to my request, as I neither invoked federal authority, nor made this request while in my capacity as a federal employee, nor in a capacity as an employee of any other entity.

Therefore, I respectfully ask that this request be remanded for further processing and that the requested records be disclosed to me, subject to any exemptions.

Thank you for your prompt consideration of this appeal.


Respectfully,


/s/Chad Garland
Chad Garland
(c) 443-745-3240 || chadgarland@msn.com

4

Exhibit 33

 Gmail

**Chad Garland <chadlygarland@gmail.com>**

---

## Re: Freedom of Information Act Appeal, 21-F-0883

**Chad Garland** <chadgarland@msn.com>                          Thu, Jul 22, 2021 at 1:18 AM
To: OSD.FOIA-APPEAL@mail.mil

Hello there:
Please find attached my Freedom of Information Act appeal on the matter of my FOIA request identified as
21-F-0883 (CTGARLAND_OSD-appeal-21-F-0883.pdf). I have attached the original request as Enclosure1
and the OSD/JS response as Enclosure2.

Respectfully,

Chad Garland

/s/Chad Garland
Chad Garland
(c) 443-745-3240 ǁ chadgarland@msn.com

---

**3 attachments**

**CTGARLAND_OSD-appeal-21-F-0883.pdf**
131K

**Enclosure 1_21-F-0883 Request Description.pdf**
146K

**Enclosure 2_21-F-0883 Final Resp to Req.pdf**
623K

Salzstr. 4
67657 Kaiserslautern
GERMANY

June 21, 2021

Hello there:

This is an appeal of the Office of the Secretary of Defense/Joint Staff's (OSD/JS) denial of my Freedom of Information Act request of 21 April 2021, which has been identified as 21-F-0883 (enclosure 1).

In a response letter emailed to me on 23 April 2021, OSD/JS denied my request after identifying me as a Stars and Stripes reporter from the website www.stripes.com and stating that my request did not demonstrate "prior approval before engaging in outside employment" that it claims DoD Directive 5500.07 requires (enclosure 2).

I find it necessary to appeal this denial as an improper withholding of records, primarily because it turns on *who I am,* not on the contents of my request or on the nature of the information requested.

After identifying me as a DoD employee, OSD/JS imposed requirements not contained in DoD's published FOIA rules either directly or by reference, and which it does not otherwise impose on requests made by "any person." This is contrary to the Act, DoD's FOIA rules, and DoD Directive 5122.11.

Furthermore, contrary to the OSD/JS letter's claims, I demonstrated precisely the "prior approval before engaging in outside employment" that DoD's FOIA rules and procedures require of "any person" and exactly what DoD Directive 5500.07 requires me to obtain as a *non-filer* of financial disclosure reports who is *not* engaging in employment or business activity and is *not* doing so with a prohibited source. That is: zip, zilch, zero, nil, naught, nada, nothing, not one iota and nichevo.

I.   **Pertinent laws and regulations**

   **a. The FOIA**

The FOIA provides that "any person" has a right, enforceable in court, to obtain access to agency records. The courts have repeatedly found that the nine FOIA exemptions are the ***only significant limits*** on access rights under the Act.[1] Otherwise, Congress obligated agencies under the Act to make nonexempt records promptly available upon "any request," conditioned only on whether said request reasonably describes the records sought and follows "published rules stating the time, place, fees (if any), and procedures to be followed."[2]

The "any person" standard means that the FOIA does not permit agencies to predicate denial on the requester's identity or individual circumstances or characteristics. As the 11th Circuit observed in *Sikes v. Navy*, "the Supreme Court has made clear that 'the identity of the requesting party has *no bearing* on the merits of his or her FOIA request.'"[3] This is perhaps one of the most well-established principles under FOIA law.[4]

---

[1] *Military Audit Project v. Casey*, 656 F.2d 724, 731 n.11 (D.C. Cir. 1981).

[2] 5 U.S.C. § 552(a)(3)(A).

[3] *Sikes v. Navy*, 896 F.3d 1227, 1234 (11th Cir. 2018), quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press* , 489 U.S. 749, 771, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) (emphasis in the original).

[4] See, e.g., *DOJ v. Reporters Comm. for the Press*, 489 U.S. 749, 771 (1989) (holding that "the identity of the requesting party has no bearing on the merits of his or her FOIA request"); *National Archives and Records*

The Supreme Court has also found that the Act provides no authority to impose rules that would require an inquiry into each requester's identity or the circumstances surrounding a request, as Congress "did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis."[5]

Accordingly, the Defense Department cannot refuse to process a request that follows the published time, place, fee and procedure rules that "any person" must follow. Nor can it withhold nonexempt records or portions of records responsive to such a request.

The sole authority the Act gives for considering a requester's identity and intentions are for the purposes of assessing fees. Any person or entity "that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience," qualifies for the fee category "representative of the news media."[6]

The news media provision "requires a fact-based determination of whether a particular requester's description of its past record, current operations, and future plans jointly suffice to qualify it" for the category.[7] A requester with "an extensive record will ordinarily qualify with only a thin recital of its plans (or perhaps none at all)."[8] This determination pertains to the nature of the *requester*, and to that person's ability to disseminate information *in general*, not the records sought in any particular request.[9] "A newspaper reporter, for example, is a representative of the news media regardless of how much interest there is in [a] story for which he or she is requesting information."[10]

### b. DoD's FOIA rules

DoD's FOIA regulation, published in the Federal Register in January 2017 as an amendment to 32 C.F.R. § 286, states that the rules and procedures requesters must follow are contained in that Part and the DoD FOIA Handbook, which are to be read in the context of the Act and the Office of Management and Budget's Uniform Freedom of Information Fee Schedule and Guidelines.[11] Additionally, DoD Directive 5400.07 establishes DoD's FOIA policy, including that the program adopts "a presumption in favor of disclosure in all release decisions involving the FOIA" and that it be administered in accordance with the procedures in Part 286 and DoD Manual 5400.07.

Paragraph 3.1.a of the manual states that "[a]n agency record requested by a member of the public in accordance with Part 286 of Title 32, CFR, and this issuance must not be withheld in whole or in part unless the FOIA exempts the record, or parts of it, from disclosure."

DoD's FOIA rule at 32 C.F.R. § 286 restricts DoD components from charging search fees upon a determination that a requester is in the news media category, among others. A person's assessed fee category neither increases nor decreases his or her right of access.

---

*Administration v. Favish*, 541 U.S. 157, 167 (2004) (observing that "[a]s a general rule, withholding information under FOIA cannot be predicated on the identity of the requester," and "as a general rule, when documents are within FOIA's disclosure provisions, citizens should not be required to explain why they seek the information"); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975) ("rights under the Act are neither increased nor decreased by reason of the fact that [the requester] claims an interest in the [requested information] greater than that shared by the average member of the public"); *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989) ("need or intended use for the documents is irrelevant"); *EPA v. Mink*, 410 U.S. 86 (1973) ("the Act [does not], by its terms, permit inquiry into particularized needs of the individual seeking the information").

[5] *United Technologies Corp. v. F.A.A.*, 102 F.3d 688, 692 (2d Cir. 1996) (quoting *FBI v. Abramson*).

[6] 5 U.S.C. § 552(a)(4)(ii)

[7] *Cause of Action v. FTC*, 799 F.3d 1108, 1124 (D.C. Cir. 2015).

[8] *Id.* at 1124.

[9] *Id.* at 1122-1123 (holding that the news-media provision focuses on a requester's "intent and ability to disseminate … information in general").

[10] *Id.* at 1122.

[11] DoD Freedom of Information Act (FOIA) Program, 82 Fed. Reg. 1,193 (January 5, 2017) (revising 32 C.F.R. § 286).

2

Though not published in the Federal Register or elsewhere in DoD FOIA rules, a series of memos issued since 1991 have addressed the use of FOIA by Stars and Stripes personnel, consistently stating that "a federal agency, or a representative of a federal agency, may not submit a FOIA request to a federal agency," and that this includes representatives of Stars and Stripes. Neither the memos nor DoD FOIA rules specifically define "representative of a federal agency" or "representative of the Stars and Stripes," nor was I able to find a definition of these terms in the U.S. Code or other DoD directives.

However, the term "representative" in its meaning in the phrase "a representative of a government entity" at 5 U.S.C. § 552(a)(3)(E)(ii) of the FOIA has been adjudicated. The court found that it refers narrowly to an "agent" who has delegated authority to seek records under FOIA on behalf of another party, *when requesting records of the sort they have authority to seek.*[12] The court explicitly rejected as too vague a broader definition that would equate it with a mere "employee," "official" or "affiliate."[13]

Indeed, if mere employment with the federal government made one a *representative of a federal agency,* the DoD memos regarding Stars and Stripes personnel's use of the FOIA must be applicable to all U.S. service members and Executive Branch civilian employees. Yet DoD has never posited such a broad prohibition on FOIA use by federal agency personnel — oddly enough it appears to have only used this rationale in memos regarding the use of FOIA by a small cadre of news reporters. In fact, the Act itself suggests that mere federal employment does not decrease one's status as a person — it refers to U.S. Government employees exercising federal authority in their official capacity as *persons* at 5 U.S.C. 552(a)(6)(C)(i). And the Justice Department has opined that a FOIA request received from an employee of a federal agency, "even one acting in his official capacity, would be a request from a 'person.'"[14]

### c. DoD Directive 5122.11

OSD/JS cites DoD Directive 5122.11 as requiring the Stars and Stripes personnel policies to comply with DoD Directive 5500.07. DoDD 5122.11 (and 32 C.F.R. § 246) is also rather explicit that the editorial functions of the Stars and Stripes are independent of the DoD and that its reporters perform their duties under the same rights as the free press. DoD has no authority over the newsroom's editorial decisions and cannot block its publication of information in the public domain (paragraph 4.5).

The regulation requires commands and components to provide the editorial staff of the Stars and Stripes "the same help provided to commercial newspapers, in compliance with the principles governing the release of information to media in DoD Directive 5122.5" (paragraph 4.1). It requires the newspaper's editorial practices to be in accordance with the standards governing U.S. daily newspapers, without DoD's censorship, news management or calculated withholding (paragraph 4.2). It establishes that the newspaper's editorial contents are unofficial and do not represent the U.S. Government, while its staff operates under the principles of the First Amendment (paragraph 4.6.2).

Likewise, its editorial staff "shall have the same right to ask questions, to gain help, to have access, and to attend gatherings available to reporters from the commercial media" (paragraph E6.3.2.1). Further, commanders and their staff "may not use the U.S. Government status of STARS AND STRIPES reporters to block the release of, or access to, otherwise releasable news, information, or events," nor may Stars and Stripes reporters use their U.S. Government status or credentials to gain special treatment, access to restricted areas or gatherings, or other advantages that are not given equally to civilian media (*Id.*).

---

[12] *All Party Parliamentary Grp. on Extraordinary Rendition v. U.S. Dep't of Def.*, 754 F.3d 1047, 1057 (D.C. Cir. 2014).
[13] *Id.* at 1053.
[14] FOIA Update, Vol. VI, No. 1, Jan. 1, 1985.

The only reference to the FOIA in DoDD 5122.11 is a reference in paragraph E6.3.2.2 to the provisions of DoD Directive 5400.7, which at the time (1993) states that a request for information from a federal agency is not a FOIA request. This same paragraph requires commands responding to Stars and Stripes *reporters* to honor the DoD Principles of Information, "particularly regarding the intent of open access" as described in DoDD 5122.5. DoDD 5122.5 requires that the FOIA be supported "in both letter and spirit." A member of the free press is obviously a member of the public, which the FOIA grants a right of access to nonexempt records in both letter and spirit.

Additionally, for some 40 years starting in 1975 and including the period during which DoDD 5122.11/32 C.F.R. § 246 was originally published and subsequently amended, DoD's FOIA program rule provided that, while authority may exist to disclose information to an individual in an "official capacity," the provisions of DoD's FOIA regulation apply to requests made by those individuals in a personal and private capacity (see 32 C.F.R. § 286.5(a) in 1975, 32 C.F.R. § 286.14(f) in 1980, 32 C.F.R. § 286.7(f) in 1990, and 32 C.F.R. § 286.4(f) in 1997 and 1998). Though DoDD 5122.11 was originally published in 1993 and amended in 2006, it has never contained the language from the 1991 memo mentioned above or its successors, nor has 32 C.F.R. § 286 or its related issuances.

To recap DoDD 5122.11: the regulation establishes that Stars and Stripes reporters are to be treated *the same* as members of the commercial news media (which is to say, members of the public): they have *the same right* to help and information as the civilian news media; their U.S. Government status is irrelevant to their access; their requests are to be responded to in keeping with the letter and spirit of the FOIA; and, through the incorporation of DoDD 5400.7, information requests they make in a personal and private capacity invoking the FOIA are to be treated the same as those made by the public.

As such, upon identifying me as a Stars and Stripes reporter, OSD/JS was required to treat me the same as a member of the commercial news media, regardless of my U.S. Government status. Further, because I made my request in my private and personal capacity, OSD/JS was required to process my request under the terms of DoD's FOIA rules the same as any other request from "any person," including other DoD employees acting in a private and personal capacity.

II.     **I complied with published agency rules**

I made this request in my private and personal capacity, in compliance with the procedures imposed by Part 286, the DoD FOIA Handbook, DoD Manual 5400.07, etc. As the handbook requires, I made my request in writing (via an online account with https://pal.whs.mil/ registered to my personal email address), addressed to the component that likely had the information I sought, describing the records sought in reasonably specific detail, and stating a willingness to pay appropriate fees.

I claimed news-media status, citing my yearslong career of gathering news, applying my editorial expertise to turn raw materials into a distinct work, and publishing that work to an audience via several notable newspapers, wire services and online media, satisfying the criteria for a "representative of the news media," in accordance with the FOIA and 32 C.F.R. § 286.12.

I also provided my contact information, including my personal cell phone number, email address and mailing address, as 32 C.F.R. § 286.5(c) requires, "to assist the DoD Component in communicating and providing released records."

Those are the extent of the procedural requirements in DoD's published FOIA regulation incorporated directly or by reference. Under the FOIA, a person "may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published," except to the extent the person is given actual and timely notice of the terms thereof.[15]

---

[15] 5 U.S.C. § 552(a)(1).

However, I also followed guidance several DoD components provide online advising employees not to use Government duty time, equipment, email or other federal resources when filing FOIA requests in a personal capacity.[16] I filed my request using personal off-duty time, from my residence, on my personal computer, via my personal email address, over my personally paid internet services, without reference to any official title, position, address, and without express or implied claims of U.S. Government authority or sanction.

**III.    OSD/JS cites requirements not provided in DoD's published FOIA rules**

OSD/JS does not cite any failure on my part to reasonably describe the records sought or to otherwise follow the procedures published in DoD's FOIA regulations or supplementary guidance referenced therein.

Rather, the Government recapitulates the statutory definition of "person" at 5 U.S.C. § 551(2) and states that because it "specifically excludes federal agencies," such an agency or its representative "may not submit a FOIA request to a federal agency." Accordingly, it says, the Stars and Stripes (S&S) or its representative "cannot use the FOIA to gain access to DoD information." It then states the following:

> An S&S employee may only submit a DoD FOIA request if (a) it is filed in his or her individual capacity, not on behalf of S&S; and (b) the requester demonstrates that he or she has obtained prior approval from S&S to engage in outside journalistic employment, as required by DoDD 5500.7. The requester may file such individual requests as a representative of the news media, so long as the aforementioned approval has been demonstrated, and the request is not made in the requester's capacity as an S&S employee.

As OSD/JS's letter indicates, I have previously received FOIA responses with the same statement about the requirement to demonstrate prior approval to engage in outside employment. However, it is unreasonable to require that I demonstrate prior approval "as required by DoDD 5500.7" when that issuance does not require me to obtain prior approval to file a FOIA request.

Under DoDD 5500.07 as implemented through DoD 5500.7-R, the Joint Ethics Regulation, paragraph 2-206, only an employee who is required to file a financial disclosure report **must** obtain prior approval to engage in outside employment or business activity if it involves a prohibited source. Otherwise, paragraph 2-303 states that supervisors **may** require employees under their jurisdiction to report outside employment or activity, and an employee is "free to engage in the employment or activity" if action is not taken to prohibit it.

OSD/JS bears the burden of proof in its denial decision, but has failed to show that I am an employee required to file a financial disclosure report, or that seeking records via the FOIA in my individual capacity qualifies as outside employment with a prohibited source. Seeking records under the FOIA is not inherently outside business activity or compensated employment. OSD/JS has not shown, nor have I found, any Stars and Stripes requirement that I report to my supervisor my intentions to seek information via FOIA in my personal capacity. And OSD/JS has not shown that I am required to disclose personnel-related information to a FOIA administrator.

Further, the requirements of DoDD 5500.07 regarding outside employment cannot be enforced under the authority of the FOIA, as it is not contained in DoD's published FOIA rules and requires identification of the requester that is inconsistent with the FOIA itself.

---

[16] See, e.g., U.S. Air Force Compliance Division FOIA Handbook (https://www.compliance.af.mil/Library/Handbook/); U.S. Naval Air Systems Command FOIA Request Q's & A's (https://www.navair.navy.mil/foia/faq); the FOIA page USCYBERCOM (https://www.cybercom.mil/FOIA-Privacy-Act/About-the-Program/).

Insofar as the OSD/JS acknowledges at (a) the clear fact that Stars and Stripes employees have a right to seek records under the FOIA in an individual capacity, that is, as "persons," OSD/JS cannot then impose requirements uniquely encumbering that right. In particular, the "prior approval" requirement cited at (b) does not pertain to the abstract "any person," let alone to all DoD employees, and is thus inapplicable to Stars and Stripes reporters in their individual capacity.

The requirement cannot be imposed without OSD/JS's identification of me as a DoD employee assigned to the Stars and Stripes based on review of internet sites. However, as cited above, the Act does not permit agencies to predicate disclosure or withholding on the identity or other individuating characteristics of the requester, or on whatever plans, intentions or interests a requester may or may not have. A requester "needs no preconceived idea of the uses the data might serve," and "should not be required to explain why they seek the information."[17] As the court held in *NARA v. Favish*, "[t]he information belongs to citizens to do with as they choose."[18] Since the requester's reasons for seeking records or plans for their use are <u>irrelevant</u> to their access rights and any disclosure decision, it is immaterial for FOIA purposes whether or not a requester is engaging in employment outside of his or her day job.

Additionally, the policy subjects different requesters to differing requirements, a violation of the Act's provision that all requesters be treated equally.[19] As OSD/JS does not state how it presumes to impose rules specific to Stars and Stripes employees who are uniquely independent from DoD in their editorial capacity, and who are operating in an individual capacity, it's impossible to see how this policy then isn't an arbitrary and capricious attempt to prejudice certain members of the free press, contrary to both the FOIA and DoDD 5122.11, paragraph E6.3.2.1.

Whatever the requirements of DoD regulations that may pertain to me as a DoD employee or Stars and Stripes reporter, my compliance with those requirements is irrelevant to my individual right of access, as Congress did not make FOIA access contingent on compliance with any number of statutes, regulations and rules that a person might be subject to outside of the Act. As the D.C. Circuit noted, "Congress granted the scholar and the scoundrel equal rights of access."[20] Aside from the exemptions, all that matters to a right of access is that a request meets time, place, fee and procedure rules and gives a reasonable description.

And though federal officials may have a responsibility to ensure DoD employees comply with any number of laws and regulations, Congress did not contemplate the Act as an enforcement mechanism. It did not permit agencies to require that requesters demonstrate their compliance, nor did it permit FOIA officials to predicate disclosure on such a showing of compliance.

Indeed, Congress expressly denied agencies the authority to withhold information from *any person* or to limit the availability of records to the public, except as "specifically stated" in the Act itself.[21] It does not permit withholding on mere "good faith" or "for any fair reason," as doing so "would undermine the FOIA's system of narrow and specifically identified exemptions," the 11th Circuit held in *Sikes v. Navy*. "[I]n fact the Supreme Court has rejected other attempts to insert exemptions into FOIA to address an agency's good-faith policy concerns," the court noted.[22]

### IV.     My news media status

---

[17] *NARA v. Favish*, 541 U.S. 157, 172 (2004)

[18] *Id.*

[19] Attorney General Ramsey Clark's Memorandum on the Public Information Section of the Administrative Procedure Act (FOIA) (June 1967)

[20] *Durns v. Bureau of Prisons*, 804 F.2d 701, 706 (D.C. Cir. 1986).

[21] 5 U.S.C. § 552(d).

[22] *Sikes v. U.S. Dep't of the Navy,* 896 F.3d 1227, 1234-35 (11th Cir. 2018).

OSD/JS posits that a Stars and Stripes employee "may file ... individual [FOIA] requests as representatives of the news media" only with prior approval to engage in outside employment and only if the request is "not made in the requester's capacity as an S&S employee." This is redundant and lacks force for the reasons already stated. But, moreover, the Government cannot predicate a withholding on a requester's news-media status or claims of such status. The news-media provision is irrelevant to the basic right of access — it neither increases nor decreases it — and is not a distinct right of access under FOIA.

Rather, as discussed above, "representative of the news media" describes a requester's fee category, which applies to *persons* based on a determination about their qualifications. Congress expressly intended it "critical" that the provision be construed liberally to include "any person or organization which regularly publishes or disseminates information to the public."[23] Indeed, "anyone who gathers information to inform the public ... may seek a waiver," Sen. Leahy said in 2007.[24] This undoubtedly meant *individuals* who qualify on their own merits — Sen. Leahy assured his colleagues that the 2007 amendment to the Act "clarifies that the definition of news media ... includes free newspapers and individuals performing a media function."[25] As any person may request and qualify for this preferential treatment, so may *any individual*.

In seeking a fee waiver, a requester need only state a reasonably specific and non-conclusory claim to the entitlement.[26] As stated above, the news media provision requires a fact-based determination about whether a requester's description of its "past record, current operations, and future plans jointly suffice to qualify" for reduced fees under the criteria at at 5 U.S.C. § 552(a)(4)(ii).[27]

I suspect that OSD/JS may believe that the phrase "representative of the media" somehow makes a requester a *representative* of some other entity on a given request. This is categorically false. As DoD's FOIA rules make clear, the fee category determination refers to the requester — or in the case of an agent, attorney or other representative, the client on whose behalf the request was filed. Thus, an attorney may be a representative of a newspaper, but the newspaper itself is the "representative of the news media." An individual journalist who can demonstrate an intent and ability to disseminate to the public information *in general* is likewise a "representative of the news media." As the category determination regards the requester's nature, regardless of the particulars of the records sought or the interest in a story based on those records, a requester need not show the intent or ability to disseminate any *particular* information or story.[28]

While a requester might readily show he or she meets the news media provision's criteria by demonstrating employment with a "news-media entity," 5 U.S.C. § 552(a)(4)(ii) does not *require* such employment and expressly permits the government to consider the requester's activities regardless of employment or paid status. Thus, my claim of news-media status does not imply or entail that I am doing outside employment activity with a prohibited source that would require approval under DoDD 5500.7. And again, neither DoDD 5500.07 nor DoDD 5400.07 requires any person to *demonstrate* prior approval to engage in outside activity when seeking records under the FOIA.

As required by the law and FOIA regulations, I provided reasonably specific information about myself sufficient to satisfy the news-media provision's criteria, given my yearslong professional track record of publishing my work in newspapers and news wires, as well as in digital formats including blogs and social media. I cited my *personal* education and publication history at large or well-known outlets,

---

[23] 132 Cong. Rec. 27,190 (1987) (statement of Sen. Leahy).
[24] 153 Cong. Rec. 22,944 (2007) (statement of Sen. Leahy).
[25] 153 Cong. Rec. 22,944 (2007) (statement of Sen. Leahy).
[26] *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003).
[27] *Cause of Action v. FTC*, 799 F.3d 1108, 1124 (D.C. Cir. 2015).
[28] *Cause of Action v. FTC*, 799 F.3d 1108, 1122-23 (D.C. Cir. 2015).

spanning a rather broad period of about seven years, as well as my intent and ability to disseminate my work directly to social media channels that I own and operate myself, which at the time collectively had over 12,000 subscribers and growing.

Had the Government found my justification insufficient under the terms of 32 C.F.R. § 286.12, it had the power to deny me a fee waiver. But since I had stated a willingness to pay fees, my failure to secure a waiver would provide no basis to deny me access to the requested records.

The relevant facts about my professional and educational background to support my news media status claim could be established through any number of web searches, if it is necessary to verify them. But what cannot be determined via a web search is whether I made my request "in [a] capacity as an S&S employee," "on behalf of S&S," or as a "representative of a federal agency."

The mere fact of my U.S. Government employment does not make my every deed an agency action. And in the FOIA context specifically, for a requester to be legally and administratively considered a *representative* (or agent)[29] of another entity, he or she "must adequately identify that he or she is making the FOIA request on behalf of the [other party]."[30] Without such a statement, the other party lacks standing and cannot be considered to have asserted a right of access. Additionally, a person lacks any standing when not named or clearly indicated as an interested party or co-requester.[31] A "passing reference" does not suffice to confer standing, and "[a]ny arrangements [a requester has] with a third party are legally irrelevant for purposes of [a] FOIA request."[32] Again, the court has rejected an interpretation of the word "representative" as equivalent to "official," "employee" or "affiliate."[33]

## V.   Conclusion

OSD/JS has no legitimate authority under the FOIA to withhold records on the basis of my compliance or noncompliance with anything other than the procedural requirements imposed under DoD's published FOIA rules at Part 286, DoD Manual 5400.07 and the DoD FOIA Handbook.

In making this request, I clearly stated I was acting on my own behalf, clearly establishing that I was asserting my own personal right of access. Further, I used my own personal resources, personal time, personal name and personal contact information, from my residence. I made my request in writing, labeled appropriately, addressed to the proper component, reasonably describing the records sought, committing to pay fees, and justifying my request for a fee waiver on the basis of my personal training, education, and background.

My federal employment is immaterial to my request, as I neither invoked federal authority, nor made this request while in my capacity as a federal employee. Stars and Stripes had no part in my request and nothing in the administrative record of my request was sufficient to grant that organization standing as a requester under FOIA.

A review of the requirements imposed by the FOIA and published DoD FOIA rules shows that I met all stated requirements in making this request. I made all reasonable efforts to follow the requirements imposed under other internal and online guidance, though it was not incorporated in DoD's published FOIA rules directly or by reference. My effort to comply with this guidance involved a review of the relevant legislative history, regulatory history and case law to ensure compliance.

---

[29] *All Party Parliamentary Grp. on Extraordinary Rendition v. U.S. Dep't of Def.*, 754 F.3d 1047, 1057 (D.C. Cir. 2014).

[30] *SAE Productions, Inc. v. Federal Bureau of Investigation*, 589 F. Supp. 2d 76, 80 (D.D.C. 2008) (citing *Three Forks Ranch*, 358 F. Supp. 2d at 3)

[31] *Id.*

[32] *Three Forks Ranch Corp. v. Bureau of Land Mgmt*, 358 F. Supp. 2d 1, 3-4 (D.D.C. 2005) (citing *McDonnell v. United States*, 4 F.3d 1227, 1238 n. 6 (3d Cir. 1993) and *Burka v. U.S. Dep't of Health Human Servs.*, 142 F.3d 1286, 1291 (D.C. Cir. 1998)).

[33] *Id.* at 1053.

I also complied with all relevant DoD personnel regulations regarding off-duty employment, as I was not engaged in compensated employment. Further, the FOIA grants agencies no authority to withhold records for any good cause, but only on the basis of the exemptions, the description of records sought and the request's compliance with rules about time, place, fees and procedures to be followed.

Therefore, the Government must process my request and promptly release responsive nonexempt records to me. As such, I respectfully request that this request be remanded to OSD/JS for further processing.

Thank you for your prompt consideration of this appeal.


Respectfully,


/s/Chad Garland
Chad Garland
(c) 443-745-3240 || chadgarland@msn.com

 Gmail

**Chad Garland <chadlygarland@gmail.com>**

## 21-A-0883-A1; FOIA Appeal, in reference to request 21-F-0883, Interim response
1 message

**OSD MC-ALEX ODAM Mailbox DFOIPO FOIA-APPEALS** <osd.mc-alex.odam.mbx.dfoipo-foia-appeals@mail.mil>
To: Chad Garland <chadgarland@msn.com>

Fri, Jul 23, 2021 at 4:26 PM

Good morning,


This is in response to your Freedom of Information Act (FOIA) appeal for FOIA Request 21-F-0883.  The reference number for this appeal is 21-A-0883-A1.


Due to an extremely heavy FOIA workload, we are unable to complete your appeal within the statutory time requirement. In fairness to the general public, we make every effort to treat all requesters equally. Accordingly, responses are made on a first in, first-out, easy-hard basis, and controlled in response queues.  When the appellate review of your case is complete, you will be notified by the appellate authority, the Director of Oversight and Compliance, Office of the Secretary of Defense, of the final decision.  You may direct any questions concerning this appeal to our FOIA appeals team at osd.mc-alex.ocmo.mbx.dfoipo-foia-appeals@mail.mil.




Respectfully,




Don Nichelson, Sr.

Senior FOIA Appeals Analyst

Defense Privacy, Civil Liberties, and Transparency Division

Directorate for Oversight and Compliance


**From:** Chad Garland <chadgarland@msn.com>
**Sent:** Wednesday, July 21, 2021 7:19 PM
**To:** OSD MC-ALEX ODAM Mailbox DFOIPO FOIA-APPEALS <osd.mc-alex.odam.mbx.dfoipo-foia-appeals@mail.mil>
**Subject:** [Non-DoD Source] Re: Freedom of Information Act Appeal, 21-F-0883


All active links contained in this email were disabled. Please verify the identity of the sender, and confirm the authenticity of all links contained within the message prior to copying and pasting the address to a Web browser.

Hello there:Please find attached my Freedom of Information Act appeal on the matter of my FOIA request identified as 21-F-0883 (CTGARLAND_OSD-appeal-21-F-0883.pdf). I have attached the original request as

Enclosure1 and the OSD/JS response as Enclosure2.

Respectfully,

Chad Garland

/s/Chad Garland
Chad Garland
(c) 443-745-3240 II chadgarland@msn.com < Caution-mailto:chadgarland@msn.com >

Exhibit 34



**ASSISTANT TO THE SECRETARY OF DEFENSE FOR
PRIVACY, CIVIL LIBERTIES, AND TRANSPARENCY**
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

Ref:  21-A-1177-A1
21-F-1177

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

This responds to your Freedom of Information Act Request (FOIA) appeal dated July 5, 2021.  You appealed the decision of the Freedom of Information Division (FOID) in response to your FOIA Request dated May 23, 2021.

After carefully considering your appeal, I am affirming FOID's action on your request. As FOID properly stated in its response letter dated March 17, 2021 to you, a representative of a federal agency may not submit a FOIA request to a federal agency.  Because you were identified as a reporter on the *Stars and Stripes* website: https://www.stripes.com/reporters, you may not submit a FOIA request on behalf of the *Stars and Stripes*, which is a component of the Defense Media Activity of the Department of Defense (DoD).

Further, although your initial request indicates that it is submitted in your personal capacity as "a U.S. citizen, private party, and representative of the news media," and your appeal similarly emphasizes that you seek records in your personal capacity, "using my own private resources on my own time, without invoking federal authority or referencing an official title, position or address," per the Joint Ethics Regulation, DoD 5500.7-R, as an employee of *Stars and Stripes*, you may be required to obtain prior approval from *Stars and Stripes* before engaging in any outside journalistic employment <u>or activity</u>, to avoid any conflict of interest with your DoD employment.  Because you have not demonstrated prior approval for outside journalistic employment or activity by *Stars and Stripes,* FOID was correct in determining that your request did not constitute a proper FOIA request.

      If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

        Sincerely,

CHUNG.JOO.
Y.1512306507

Digitally signed by
CHUNG.JOO.Y.1512306507
Date: 2021.09.21 18:14:35
-04'00'

Joo Y. Chung

cc:
FOID

2



**ASSISTANT TO THE SECRETARY OF DEFENSE FOR**
**PRIVACY, CIVIL LIBERTIES, AND TRANSPARENCY**
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

Ref: 21-A-1225-A1
FOID 21-F-1225

Mr. Chad Garland
Salzstr 467657
Kaiserslautern, Germany

Dear Mr. Garland,

This responds to your Freedom of Information Act Request (FOIA) appeal dated July 6, 2021.  You appealed the decision of the Freedom of Information Division (FOID) in response to your FOIA Request dated July 1, 2021.

After carefully considering your appeal, I am affirming FOID's action on your request. As FOID properly stated in its response letter dated March 17, 2021 to you, a representative of a federal agency may not submit a FOIA request to a federal agency.  Because you were identified as a reporter on the *Stars and Stripes* website: https://www.stripes.com/reporters, you may not submit a FOIA request on behalf of the *Stars and Stripes*, which is a component of the Defense Media Activity of the Department of Defense (DoD).

Further, although your initial request indicates that it is submitted in your personal capacity as "a U.S. citizen, private party, and representative of the news media," and your appeal similarly emphasizes that you seek records in your personal capacity, "using my own private resources on my own time, without invoking federal authority or referencing an official title, position or address," per the Joint Ethics Regulation, DoD 5500.7-R, as an employee of *Stars and Stripes*, you may be required to obtain prior approval from *Stars and Stripes* before engaging in any outside journalistic employment or activity, to avoid any conflict of interest with your DoD employment.  Because you have not demonstrated prior approval for outside journalistic employment or activity by *Stars and Stripes,* FOID was correct in determining that your request did not constitute a proper FOIA request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,


Joo Y. Chung

cc:
FOID