IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAD GARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00096-CRC |
| | ) |
| U.S. DEPARTMENT OF DEFENSE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ANSWER**

Defendants United States Department of Defense ("DOD"), U.S. Central Command ("CENTCOM"), U.S. Department of the Navy ("Navy"), and U.S. Marine Corps ("Marines") hereby answers the numbered paragraphs of the Plaintiff's complaint as follows:

1. The allegations in paragraph 1 of the complaint consist of Plaintiff's characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 concerning Plaintiff's motivations for this lawsuit and belief about the contents of the requested records. Defendants deny the allegations in the second sentence of paragraph 1. Defendants aver that they will process Plaintiff's FOIA requests, notwithstanding his employment status with *Stars & Stripes*.

    2. Admitted.

    3. Admitted.

    4. Admitted.

    5. Admitted.

    6. Admitted.

1

7. The allegations contained in paragraph 7 of the complaint consist of Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

8. The allegations contained in paragraph 8 of the complaint consist of Plaintiff's legal conclusions regarding venue, to which no response is required.

9. Defendants admit that CENTCOM received a FOIA request from Plaintiff dated August 6, 2020, and that language quoted in paragraph 9 of the complaint appears on the face of Plaintiff's August 6, 2020 request. Defendants respectfully refer the Court to the FOIA request itself for a full and accurate statement of its contents.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendants admit that CENTCOM received five FOIA requests from Plaintiff dated August 25, 2020, and that the language quoted in paragraph 13 of the complaint appears on the face of each of these five requests. The remaining allegations in this paragraph characterize the remaining contents these five FOIA requests and Defendants respectfully refer the Court to the FOIA requests themselves for a full and accurate statement of the contents of each request.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Defendants admit that CENTCOM received a FOIA request from Plaintiff dated August 25, 2020, and that the language quoted in paragraph 18 of the complaint appears on the

face of Plaintiff's August 25, 2020 request. Defendants respectfully refer the Court to the FOIA request itself for a full and accurate statement of the contents of the request.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Denied.  Defendants aver that, on April 19, 2021, DOD, as the parent agency with the relevant appellate authority, affirmed CENTCOM's decision on the seven FOIA requests.

30. Defendants admit that CENTCOM received a FOIA request from Plaintiff dated June 23, 2021, and that the language quoted in paragraph 30 of the complaint appears on the face of Plaintiff's June 23, 2021 request.  Defendants respectfully refer the Court to the FOIA request itself for a full and accurate statement of the contents of the request.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Denied.  Defendants aver that, on November 9, 2021, DOD acknowledged receipt of the appeal and assigned reference number 22-AC-0008-A1.

36. Defendants admit that CENTCOM has not issued a response to Plaintiff's November 8, 2021 appeal (22-AC-0008-A1).  Defendants aver that DOD, not CENTCOM, has the relevant appellate authority over Plaintiff's November 8, 2021 appeal.  The remaining allegations in paragraph 36 of the complaint consist of legal conclusions to which no response is required.

37. Defendants admit that as of the date of the complaint, CENTCOM has not released records responsive to Plaintiff's requests.  The remaining allegations in paragraph 37 of the complaint consist of legal conclusions to which no response is required.

38. Defendants admit that Plaintiff submitted three FOIA requests to USMC through FOIAOnline between August 14, 2020 and December 9, 2020, and that the USMC assigned the following FOIA numbers to those requests, respectively: DON-USMC-2020-011217, DON-USMC-2020-011524, and DON-USMC-2021-001819.

   a. Defendants admit that Plaintiff submitted request number DON-USMC-2020-011217 on August 14, 2020.  Defendants deny that Plaintiff's request number DON-USMC-2020-01127 sought "Statements of Award (SOA), citations, certificates and/or accompanying narrative statements for all Purple Heart Medals awarded since December 31, 2014."  Defendants respectfully refer the Court to the FOIA request itself for a full and accurate statement of the contents of the request.

   b. Defendants admit that Plaintiff submitted request number DON-USMC-2020-011524 on August 26, 2020, and that the language quoted in paragraph 38(b)

4

of the complaint appears on the face of this request.  Defendants respectfully refer the Court to the FOIA request itself for a full and accurate statement of the contents of the request.

    c.  Defendants admit that Plaintiff submitted request number DON-USMC-2021-001819 on December 9, 2020, and that the language quoted in paragraph 38(c) of the complaint appears on the face of this request.  Defendants respectfully refer the Court to the FOIA request itself for a full and accurate statement of the contents of the request.

39.    Defendants admit that USMC issued a determination letter, dated December 22, 2020, that contains the language quoted in paragraph 39 of the complaint, and that the December 22, 2020 letter pertained to the following FOIA requests:  DON-USMC-2020-011217, DON-USMC-2020-011524, and DON-USMC-2021-001819.  Defendants respectfully refer the Court to the December 22, 2020 letter for a full and accurate statement of its contents.

40.    Admitted.

41.    Defendants admit that, by letter dated April 28, 2021, the DON affirmed USMC's denials.  Defendants further admit that the language quoted in paragraph 41 of the complaint appears on the face of DON's April 28, 2021 letter.  Defendants respectfully refer the Court to the April 28, 2021 letter for a full and accurate statement of its contents.

42.    Defendants admit that Plaintiff submitted a FOIA request to USMC through FOIAOnline on June 23, 2021, and that the language quoted in paragraph 42 of the complaint appears on the face of this request.  Defendants respectfully refer the Court to the April 28, 2021 letter for a full and accurate statement of its contents.

43.    Admitted.

44. Defendants admit that, by letter dated August 3, 2021, the USMC denied Plaintiff's June 23, 2020 FOIA request. Defendants further admit that the language quoted in paragraph 44 of the complaint appears on the face of USMC's August 3, 2021 letter. Defendants respectfully refer the Court to the August 3, 2021 letter for a full and accurate statement of its contents.

45. Admitted.

46. Admitted.

47. Defendants admit that, by letter dated December 29, 2021, DON affirmed the USMC's denial of Plaintiff's FOIA requests. Defendants further admit that the language quoted in paragraph 47 of the complaint appears on the face of the DON's December 29, 2021 letter. Defendants respectfully refer the Court to the December 29, 2021 letter for a full and accurate statement of its contents.

48. Defendants admit that USMC and DON have not released records responsive to Plaintiff's requests. The remaining allegations in paragraph 48 of the complaint consist of legal conclusions to which no response is required.

49. Denied. Defendants aver that DOD's Freedom of Information Division (DOD-FOID) received three FOIA requests from Plaintiff between April 2021 and July 2021: (a) a request received on April 21, 2021, that DOD assigned reference number 21-F-0883; (b) a request received on June 23, 2021, that DOD assigned reference number 21-F-1177; and (c) a request received on July 1, 2021, that DOD assigned reference number 21-F-1225. Defendants respectfully refer the Court to FOIA requests 21-F-0883, 21-F-1177, and 21-F-1225 for a full and complete statement of the contents of those requests.

50. Denied. Defendants aver that, by letter dated April 23, 2021, DOD-FOID denied Plaintiff's FOIA request, reference number 21-F-0883. Defendants respectfully refer the Court to the April 23, 2021 letter for a full and complete statement of its contents.

51. Denied. Defendants aver that DOD-FOID sent the April 23, 2021 letter to Plaintiff. Defendants respectfully refer the Court to that April 23, 2021 letter for a full and complete statement of its contents.

52. Denied. Defendants aver that, by letter dated June 25, 2021, DOD-FOID denied Plaintiff's FOIA request, reference number 21-F-1177. Defendants respectfully refer the Court to the June 25, 2021 letter for a full and complete statement of its contents.

53. Denied. Defendants aver that, by letter dated July 2, 2021, DOD-FOID denied Plaintiff's FOIA request, reference number 21-F-1225. Defendants respectfully refer the Court to the July 2, 2021 letter for a full and complete statement of its contents.

54. Defendants admit the allegations in the first sentence of paragraph 54 of the complaint. Defendants deny the allegations in the second sentence of paragraph 54. Defendants aver that DOD's Office of the Director of Administration and Management received Plaintiff's appeal regarding FOIA request number 21-A-1177 and assigned reference number 21-A-1177-A1.

55. Defendants admit the allegations in the first sentence of paragraph 55 of the complaint. Defendants deny the allegations in the second sentence of paragraph 55. Defendants aver that DOD's Office of the Director of Administration and Management received Plaintiff's appeal regarding FOIA request number 21-A-1225 and assigned reference number 21-A-1225-A1.

56. Defendants admit the allegations in the first sentence of paragraph 56 of the complaint. Defendants deny the allegations in the second sentence of paragraph 56. Defendants aver that DOD's Office of the Director of Administration and Management received Plaintiff's appeal regarding FOIA request number 21-A-0883 and assigned reference number 21-A-0883-A1.

57. Denied. Defendants aver that, by letters dated September 21, 2021, DOD's Assistant to the Secretary of Defense for Privacy, Civil Liberties, and Transparency affirmed DOD-FOID's decisions on 21-F-1177 and 21-F-1225. Defendants respectfully refer the Court to the September 21, 2021 letters for a full and complete statement of the contents of the letters.

58. Denied. Defendants aver that the language quoted in paragraph 58 of the complaint appears in the September 21, 2021 letters from DOD's Assistant to the Secretary of Defense for Privacy, Civil Liberties, and Transparency and Defendants respectfully refer the Court to those letters for a full and complete statement of the contents of the letters.

59. Denied. Defendants aver that the language quoted in paragraph 59 of the complaint appears in the September 21, 2021 letters from DOD's Assistant to the Secretary of Defense for Privacy, Civil Liberties, and Transparency and Defendants respectfully refer the Court to those letters for a full and complete statement of the contents of the letters.

60. Defendants admit that DOD has not issued a substantive response or determination in Plaintiff's appeal dated July 22, 2021. The remaining allegations in paragraph 60 of the complaint consist of legal conclusions to which no response is required.

61. Defendants admit that DOD has not released records responsive to Plaintiff's FOIA requests identified as FOIA request numbers 21-F-0883, 21-F-1177, or 21-F-1225. The

remaining allegations in paragraph 61 of the complaint consist of legal conclusions to which no response is required.

62. Defendants repeat and incorporate the answers to paragraphs 1 through 61 of the complaint.

63. The allegations in paragraph 63 of the complaint consist of legal conclusions to which no response is required.

64. Admitted.

65. The allegations in paragraph 65 of the complaint consist of legal conclusions to which no response is required.

66. Defendants admit that CENTCOM has not released records responsive to Plaintiff's requests. The remaining allegations in paragraph 66 of the complaint consist of legal conclusions to which no response is required.

67. Defendants repeat and incorporate the answers to paragraphs 1 through 66 of the complaint.

68. The allegations in paragraph 68 of the complaint consist of legal conclusions to which no response is required.

69. Admitted.

70. The allegations in paragraph 70 of the complaint consist of legal conclusions to which no response is required.

71. Defendants admit that USMC and DON have not released records responsive to Plaintiff's requests. The remaining allegations in paragraph 71 of the complaint consist of legal conclusions to which no response is required.

72. Defendants repeat and incorporate the answers to paragraphs 1 through 71 of the complaint.

73. The allegations in paragraph 73 of the complaint consist of legal conclusions to which no response is required.

74. Admitted.

75. The allegations in paragraph 75 of the complaint consist of legal conclusions to which no response is required.

76. Defendants admit that DOD has not released records responsive to Plaintiff's requests. The remaining allegations in paragraph 76 of the complaint consist of legal conclusions to which no response is required.

The unnumbered paragraph beginning with "WHEREFORE" sets forth Plaintiff's ultimate conclusions of law and prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief they seek, or to any relief whatsoever.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

## **AFFIRMATIVE DEFENSES**

Plaintiff is not entitled to compel the production of records exempt from disclosure by one or more of the exemptions to the FOIA, 5 U.S.C. § 552.

Dated: April 6, 2022      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch

*/s/ Olivia Hussey Scott*
Olivia Hussey Scott
Senior Counsel, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 11115
Washington, D.C. 20005
Telephone: (202) 616-8491
Fax: (202) 616-8470
Email: Olivia.Hussey.Scott@usdoj.gov

*Counsel for Defendant*